### EMANUEL v. FERRIS.

1. SUMMONS—SERVICE OF—NON-RESIDENT—FOREIGN CORPORATION—JURISDICTION.—Where property once situated in this State, and passing under a will, has by order of Court here all been converted into perosnalty and turned over to the possession and control of a foreign corporation, appointed trustee in the will, and by it taken beyond the State, which corporation has no property within this State (the statement in the complaint to that effect construed to be only a legal conclusion), the Courts of this State cannot acquire jurisdiction of such foreign corporation, trustee, by publication of summons and personal service on such corporation at its residence, in an action by a *cestui qui trust* resident of this State in our Courts, nor can our Courts by such service acquire jurisdiction of non-resident individuals interested in the trust fund, as in such action a personal judgment only can be rendered.

2. JURISDICTION.—After judgment in a case in the Courts of this State, that certain property belonging to an estate should be turned over to a foreign corporation as trustee, and such act has been done, such case is not still pending in this State, in the sense that the Courts here still have control of the property and trustee.

Before BENET, J., Charleston, May, 1901.    Affirmed.

Action by Amelia J. Emanuel against Richard B. Ferris, Edward H. Sparkman and Henry S. Holmes, as executors of the last will and testament of James S. Gibbes, sr., deceased; Henry S. Holmes, as administrator of the goods, chattels and credits of James Gibbes Haile, deceased; Henry S. Holmes, as trustee, under the marriage settlement between James S. Gibbes, sr., George E. Gibbes, Amelia S. Gibbes and John Haile; W. Gibbes Whaley, as administrator of the goods, chattels and credits of Henry P. Gibbes, deceased; Screven Dozier and John Chesnut, as executors of the last will and testament of John Haile, deceased; Charles Hartridge Gibbes, Arthur B. M. Gibbes, H. Stuart Gibbes, Thomas M. Gibbes, Virginia P. Gibbes, James S. Wilson, J. Adger Smyth, Charles H. Simonton, the Farmers Loan and Trust Company, a corporation organized under the laws of and doing business in the State of New York, also doing

business in the State of South Carolina, and Henry S. Holmes and Charles H. Simonton, as trustees for Mary Evans Gibbes. From order setting aside service of summons upon certain non-resident defendants, plaintiff appeals.

*Messrs. John R. Abney, B. H. Rutledge* and *P. A. Emanuel,* for appellant, cite: *Service can be made on non-resident, where contract was made and breached in this State:* Code, 156; 40 S. C., 154. *Trustee is amenable to Court here and should be made to account here:* Bail. Eq., 360; McM. Eq., 190; 1 Strob. Eq., 416; 17 S. C., 312; 31 S. C., 13; Rev. Stats., 2088-2099; 3 Brev., *47; 1 S. C., 180; 2 McC. Ch., *265; 1 Rich. Eq. Ca., 3; Perry on Trusts, sec. 282. *Order allowing trustee to take away fund without giving bond here, is error:* 1 Rich. Eq., 26; 9 Rich. Eq., 423; Bail. Eq., 395, 489; 2 Strob. Eq., 89; 20 S. C., 237; 18 S. C., 590; Cheves Eq., 43. *The trusts declared in this will gives the Court of Equity jurisdiction to construe the will and administer the estate here:* 25 S. C., 1; 39 S. C., 24; 41 S. C., 385; 20 N. J. Eq., 243; 3 Met., 109; 2 Allen, 101; 9 Wall., 740; 92 U. S., 21; 17 S. C., 98; 2 Hill Ch., 152; Dud. Eq., 24; 9 Rich., 404. *This plaintiff has the right to file this complaint as a supplemental pleading in the other cause:* 17 S. C., 127.

*Messrs. Trenholm, Rhett, Miller & Whaley,* for Farmers Loan and Trust Co., Charles Hartridge Gibbes and Arthur B. M. Gibbes; and *Mordecai & Gadsden* and *Buist & Buist,* for H. Stewart Gibbes, Thos. M. Gibbes and Virginia P. Gibbes, contra, cite: *State Court cannot determine validity of any claim against a non-resident beyond what may be satisfied by his property within the State:* 95 U. S., 714; 101 U. S., 417; 103 U. S., 168; 137 U. S., 287; 119 U. S., 185; 144 U. S., 41; 106 U. S., 350.

March 14, 1902. The opinion of the Court was delivered by

MR. JUSTICE POPE. Motions, supported by affidavits,

were made before his Honor, Judge Benet, in behalf of the six defendants, namely, Farmers Loan and Trust Company, Charles Hartridge Gibbes, Arthur B. M. Gibbes, H. Stuart Gibbes, Thomas M. Gibbes and Virginia P. Gibbes, to set aside the service of the summons in the above entitled action upon each one of them, on the ground that the defendant, the Farmers Loan and Trust Company, was a foreign corporation, and under sec. 155 of the Code of Procedure of the State of South Carolina, the Court had no jurisdiction of this defendant; and the other five defendants denied that the Court of Common Pleas for Charleston County, in the State of South Carolina, had jurisdiction over them, two of them being residents of the city of Savannah, in the State of Georgia, and the last three defendants residing in the city of Marietta, in the State of Georgia. All six of these defendants gave notice that they appeared to make this motion and for the purposes of this motion alone. After hearing the arguments of counsel, his Honor, Judge Benet, passed the two following orders, each dated 31st May, 1901 :

"This is a motion upon proper notice to set aside service of the summons in this action upon the defendant, the Farmers Loan and Trust Company, admitted to be a foreign corporation. The alleged service was made upon affidavit and order of publication, with subsequent personal service upon the president of said foreign corporation at its home office, in the city of New York. The said defendant appeared by counsel solely for the purpose of questioning the jurisdiction of this Court, and expressly disclaimed any intention to waive its residence right in relation to service of process from a foreign jurisdiction.

"On the reading of the notice of motion, counsel for the plaintiff entered a plea to the jurisdiction of the Court, claiming that a Judge at chambers had no power or authority to hear or grant the motion noticed. I am of the opinion that the Circuit Court is always open for the purpose of entertaining such motions, and, therefore, the plea to the jurisdiction is overruled.

"A motion was then made for a continuance of the hearing of the motion. No sufficient grounds for such continuance were presented, and this motion is also refused. After a careful examination of the complaint, I am satisfied that the contention of these moving defendants is correct, and that their motion should be granted.

"It is, therefore, upon consideration thereof, after hearing arguments of counsel, ordered, that the service of the said summons in this action upon the defendant, Farmers Loan and Trust Company, be and is hereby set aside."

"This cause comes before me at my chambers upon notices on behalf of certain defendants, Charles Hartridge Gibbes and Arthur B. M. Gibbes, respectively, and H. Stuart Gibbes, Thomas M. Gibbes and Virginia P. Gibbes, respectively, the two last defendants by State Savings Bank, their general guardian (such defendant appearing solely for the purpose of the motion and not otherwise), to set aside the service of the summons herein upon each of the said defendants, upon the ground that the Court has no jurisdiction in the premises. The motion is made upon the record in the cause. Upon an inspection of such record, it appears that the moving defendants are all non-residents of this State (the two first named residing at Savannah, in the State of Georgia, and the three last named in Marietta, in the State of Georgia). The usual order for publication against non-resident defendants was procured from the clerk of this Court, and the summons was personally served upon each of the defendants within the limits of the State of Georgia.

"On the reading of the notice of motion, counsel for the plaintiff entered a plea to the jurisdiction of the *Court,* claiming that a Judge at chambers had no power or authority to hear or grant the motion noticed. *I am of the opinion that the Circuit Court is always open for the purpose of entertaining such motions,* and, therefore, the plea to the jurisdiction is overruled.

"A motion was then made for a continuance of the hear-

ing of the motion. No sufficient grounds for such continuance were presented, and this motion was also refused.

"After a careful examination of the complaint, I am satisfied that the contention of the moving defendants is correct, and that their motion should be granted.

"It is, therefore, upon consideration thereof, after hearing argument of counsel, *ordered,* that *the service of the summons* herein upon each of the above named defendants, namely, Charles Hartridge Gibbes, Arthur B. M. Gibbes, H. Stuart Gibbes, Thomas M. Gibbes and Virginia P. Gibbes, respectively, *be* and *is* hereby *set aside.*"

After the passage of these decretal orders, the plaintiff gave notice of her appeal therefrom to this Court upon the following grounds:

"I. She excepts to the order, in that his Honor erred in holding, 'that after a careful examination of the complaint, I am satisfied that the contention of these moving defendants is correct, and that their motion should be granted,' and in holding that the service of the summons in the action be set aside; whereas, he should have held, that the complaint showed that the cause of action against the said defendant arose within the State, and that under sec. 156 of the Code of Procedure, the service of the summons upon this defendant *was* proper, and that, therefore, the contention of the moving defendants was incorrect, and the service of the summons should not be set aside.

"II. She excepts to the said order, in that his Honor erred in not holding that the defendant, the Farmers Loan and Trust Company, is interested in property in this State, *of which* the courts of equity in this State *have* or *ought to have* jurisdiction, to wit: the property constituting the estate of James S. Gibbes, now being administered by the Court, and the funds unadministered in the hands of Henry S. Holmes, as executor, as alleged in the complaint.

"III. She excepts to the said order, in that his Honor erred in not holding that the courts of equity in this State have jurisdiction of said estate for the purposes of adminis-

tration and construing the will, and settling the rights of the devisees, legatees and distributees and heirs at law, and that said Farmers Loan and Trust Company is, therefore, a necessary and proper party, and should be made a party to this action, because to that extent the said action is a proceeding *in rem* or *quasi in rem*.

"IV. She excepts to the said order, in that it sets aside the service of the summons on the defendant, Farmers Loan and Trust Company; and the proposition of law in that regard which she desires reviewed is the holding that after a careful examination of the complaint, his Honor was satisfied that the contention of the moving defendant, Farmers Loan and Trust Company, to wit: that the Court had no jurisdiction in the premises, was correct, which holding was error. (a) Because the following facts, which are stated in the complaint and constitute the cause of action, arose within this State; James S. Gibbes, sr., lived and died a citizen and resident of this State; he made his will and codicils thereto here; the will was probated here; Ferris Sparkman. Haile and Holmes were qualified as executors here; they made and filed an inventory of his property here, and neglected to include in it his contingent right in the property mentioned in a marriage settlement; the will and inventory were filed and remained here, and action to construe the will as to questions then arisen, was brought and decided here; and here the Farmers Loan and Trust Company was endowed by the probating of the will with power as a testamentary trustee; and in said action here it was permitted as such trustee to take and hold certain parts of the estate; but the power to remove it from such position was reserved to the executors here; it was here that the executors failed to get an order of the Court to direct them what to do with the funds coming to them from Henry S. Holmes, as trustee of the property covered by the marriage settlement. James S. Gibbes, jr., died after said action to construe the will, and Henry S. Holmes was qualified as his executor by the probate court here. The Courts here also appointed him

administrator of the estate of James Gibbes Haile, who died after the will was partially construed in the said action here. Screven Dozier and John Chesnut were qualified as executors of John Haile, deceased; here since said action was brought and parts of the will construed, the executors òf James S. Gibbes, sr., have failed to take legal steps in the Court wherein said action was brought to have said will further construed, and here they have failed to make further accounting. (b) Because the other facts which are stated in the complaint and are connected with the causes of action arose within this State. (c) Because the Farmers Loan and Trust Company has property within this State, to wit: an interest in the property in the hands of Henry S. Holmes, as trustee of the marriage settlement, and an interest in such property as may be found to be in the hands of the executors of James S. Gibbes, sr., upon the accounting. (d) Because the Farmers Loan and Trust Company, as testamentary trustee, is an officer under this Court in the administration of this estate under the will to be construed."

The complaint in this case is necessary in order to understand what is the basis upon which the appellant seeks to base her exceptions to the decretal orders passed by Judge Benet. Omitting the caption and the will and codicils, it is as follows:

"The complaint of the above named plaintiff respectfully shows to the Court:

"I. That the plaintiff was at the times hereinafter stated and still is a citizen and resident of the city of Aiken, in the county of Aiken, in said State.

"II. That James S. Gibbes, sr., late of the city of Charleston and State aforesaid, departed this life on the 26th day of April, A. D. 1888, leaving in full force and unrevoked his last will and testament, dated the 21st May, 1884, together with certain codicils thereto, dated May 12, 1885, November 11, 1885, November 30th, 1885, February 7, 1887, October 20, 1887, respectively.

"III. That the said last will and testament, together with

said codicils, was on the first day of May, A. D. 1888, duly
proved in common form before William E. Vincent, Esq.,
judge of probate, in the court of probate in and for the
county of Charleston, in State aforesaid; and at the same
time Richard B. Ferris, Edward H. Sparkman, John Haile
and Henry S. Holmes duly qualified as executors thereof,
in accordance with the nomination and appointment of the
said testator, made in said last will and testament and codi-
cils, and took possession of his estate; and said executors
caused an inventory and an appraisement of the goods and
chattels of the deceased testator to be filed in the said probate
court, but neglected to include in said appraised schedule
the contingent right of James S. Gibbes, sr., accruing to him
of the property mentioned in the marriage settlement of tes-
tator upon his daughter, Amelia S. Haile, and her heirs, or
their trustee, Henry S. Holmes, for their use, as hereinafter
mentioned; and said last will and testament and codicils
have ever since remained and now still are on file in said
court of probate, a copy of which said last will and testament
is hereto attached and made a part of this complaint, and
marked exhibit 'A.'

"IV. That on or about the 29th day of September, 1888,
the aforesaid Richard B. Ferris, Edward H. Sparkman,
John Haile and Henry S. Holmes, as such executors of
James S. Gibbes, sr., deceased, brought an action in the
Court of Common Pleas in and for Charleston County, to
have the said last will and testament and codicils construed
by Court; and certain parts of the said will were by the
Court construed; but certain other parts of said will were
not and have not been construed. But in said proceeding
no mention was made of testator's contingent rights under
the limitations made in said marriage settlements.

"V. That upon such construction the Court ordered, ad-
judged and decreed, that the said Richard B. Ferris, Edward
H. Sparkman, John Haile and Henry S. Holmes, as execu-
tors of the last will and testament of James S. Gibbes, sr.,
deceased, transfer, on or before the 27th day of April 1889,

upon the trust and limitations set forth in the said last will and testament, to the Farmers Loan and Trust Company, which was a defendant in said action, upon certain terms of compensation therein set forth, all securities and other personal property of the estate of said testator, and also upon the said trusts and terms to pay over to it all the moneys in their hands, save the sum of $30,000 or its equivalents, and save the securities specifically bequeathed to the defendant, Kate Gibbes, which should be reserved by them to meet the other questions raised in the pleadings, and held subject to the further order of the Court, upon the trusts set forth in the said last will and testament, and the power and authority given to the said Richard B. Ferris, Edward H. Sparkman, John Haile and Henry S. Holmes, as executors of the last will and testament of James S. Gibbes, sr., deceased, under section 24 of said will, as to changing the trustee, was reserved by the Court; that the defendant, Farmers Loan and Trust Company, was then and still is a corporation created, organized and existing under the laws of the State of New York; and in accordance with the aforesaid order, the said Richard B. Ferris, Edward H. Sparkman, John Haile and Henry S. Holmes, as such executors, transferred to said Farmers Loan and Trust Company a large amount of bonds, securities and certificates of stocks and moneys, the exact amount of which plaintiff does not know.

"VI. That on the 15th day of May, 1872, the said James S. Gibbes, sr., entered into the written marriage settlement aforesaid with George E. Gibbes, as trustee, and Amelia S. Gibbes, who was the daughter of the said James S. Gibbes, sr., and John Haile, whereby said James S. Gibbes, sr., transferred to said George E. Gibbes, as trustee for that purpose, certain property mentioned in said agreement; and said agreement provided, among other things, that in case such child as she might leave surviving her should die under age and without issue surviving such child, then the said George E. Gibbes, as trustee, or his successors in the trust, should hold the said trust estate of whatever it might consist

for the use of said James S. Gibbes, sr., if he might then be living; or if he be dead, then to hold the same subject to the provisions of such last will and testament as he, the said James S. Gibbes, sr., might leave, so that the same might be deemed and held as a part of his estate; that the said Amelia S. Gibbes and the said John Haile were married on or about the          day of          1872; that said Amelia S. Gibbes predeceased her father, and left as her only issue one child, James Gibbes Haile, who was alive and was about the age of fifteen years at the time the aforesaid action was brought to construe the will of James S. Gibbes, sr., deceased. That said George E. Gibbes died on or about the 17th day of April, 1885, and said Henry S. Holmes was thereupon appointed trustee in his stead, under said marriage settlement.

"VII. That since the aforesaid action to construe the will of the said James S. Gibbes, sr., deceased, was brought, and the construction of the parts thereof made by the Court, the aforesaid James Gibbes Haile died, a minor and without issue, on or about the 19th day of July, 1893; and upon said death the estate created by the said marriage settlement reverted to the estate of James S. Gibbes, sr., deceased, by the terms thereof, and became distributable under sections 23 and 29 of the last will and testament of the said James S. Gibbes, sr., deceased, or under the statutes of distribution; that plaintiff is informed and believes that the said Henry S. Holmes, as such trustee, and the said Richard B. Ferris, Edward H. Sparkman and Henry S. Holmes, as executors of the last will and testament of said James S. Gibbes, sr., deceased, acting together, have recently paid over, transferred and delivered to the Farmers Loan and Trust Company certain property then in the hands of Henry S. Holmes, as trustee under said marriage settlement, without any order of the Court authorizing them to do so, and without any inventory of the same being made by said executors; but the plaintiff is informed and believes that all of the property in the hands of said Henry S. Holmes, as such trustee, has not been paid over, transferred and delivered to the Farmers

8—63

Loan and Trust Company, and that all of said property is now distributable under section 29 of said will, or under the laws of distribution of the State of South Carolina.

"VIII. That since the aforesaid action to construe the will of James S. Gibbes, sr., deceased, was brought, and construction of parts thereof made by the Court, James S. Gibbes, jr., a son of James S. Gibbes, sr., and his only other living descendant, died without leaving issue, on or about the 16th day of May, 1899.

"IX. That at the time of the death of said James S. Gibbes, sr., he left him surviving his wife, Mary Evans Gibbes; and in and by section 5 of his said last will and testament, he bequeathed securities amounting to the sum of $60,000, and a policy of insurance amounting to $5,000, to his sons, James S. Gibbes, jr., and George E. Gibbes, and his son-in-law, John Haile, and their successors, to hold and apply the income therefrom to the maintenance and support of his said wife during her natural life, and after her death to deliver the said securities and policy of insurance or the reinvestment thereof to the Farmers Loan and Trust Company, to be held in trust for the uses and purposes set forth in section 23 of his said last will and testament; that said George E. Gibbes having predeceased his father, Henry S. Holmes and Charles H. Simonton were appointed trustees in his stead, by paragraph 2 of the first codicil to said last will and testament; that said Mary Evans Gibbes died on or about the 2d day of May, 1888; that plaintiff is informed and believes that the aforesaid executors of the last will and testament of said testator delivered certain securities and said policy of insurance to said James S. Gibbes, jr., Henry S. Holmes and Charles H. Simonton, as such trustees, and they delivered certain securities to the Farmers Loan and Trust Company, after the death of said Mary Evans Gibbes; but plaintiff does not know what securities or the amount thereof. And by section 4 of said last will and testament, the family homestead was devised and other property therein mentioned was bequeathed to said wife for life; then to

James S. Gibbes, jr., for life; then to James Gibbes Haile for life; and then to the Farmers Loan and Trust Company in trust under section 23.

"X. That in and by section 7, paragraph 4th, of said last will and testament of James S. Gibbes, sr., deceased, it is provided as follows: 'And I declare my intent to be, and the same shall control in the construction of this will, that for the whole period allowed by law, viz: the lives of my sons and grand-sons, and twenty-one years afterwards, the beneficial interests in said securities, changes and reinvestments shall be vested in my descendants, *per stirpes;* and that should it so happen during said period that no descendant of mine should be living to enjoy and take the same, then that the same shall be held and applied as hereinafter prescribed in section 29th hereof;' and that said provision is included in the terms of sections 8 and 9 of said will, and also in section 23, paragraphs 1st, 2d and 3d thereof. By reason of the aforesaid death of said James S. Gibbes, jr., deceased, leaving no issue him surviving, the contingency mentioned in the aforesaid paragraph of section 7 of said will, and included in sections 8, 9 and 23 thereof, has happened; and now said securities, changes and reinvestments and property of every kind devised and bequeathed for the benefit of said James S. Gibbes, jr., for life, George E. Gibbes for life, and James Gibbes Haile for life, under said sections 7, 8, 9, and the property bequeathed for the benefit of Mary Evans Gibbes for life, under sections 4 and 5, are held as prescribed in section 29 of said last will and testament, as subsequently modified in the codicils thereto.

"XI. On information and belief, the plaintiff alleges that Dr. Henry P. Gibbes, mentioned in subdivision 3 of section 29 of said will, departed this life intestate on the 22d day of March, 1890, and subsequently and before the commencement of this action, the defendant, W. Gibbes Whaley, was duly appointed administrator of the goods, chattels and credits of the said Dr. Henry P. Gibbes, deceased.

"XII. On information and belief, the plaintiff alleges that

the F. W. Dawson mentioned in paragraph 4 of the 1st
codicil of said will, which paragraph revokes and takes the
place of paragraph 7th of section 29, departed this life prior
to the death of the said James S. Gibbes, jr., deceased, and
the defendants, J. Adger Smyth, who is and was at the death
of said James S. Gibbes, jr., deceased, mayor of the city of
Charleston, and Gabriel E. Manigault and Charles H. Si-
monton, succeeded to whatever rights vested in the persons
named in paragraph 4 of said codicil, if any; that said
Gabriel E. Manigault has since died, and the said Smyth
and Simonton are made defendants as representing said
rights, whether as trustees or otherwise; but plaintiff is
advised, informed and believes that said paragraph of said
codicil, save and except the revoking clause of said para-
graph, is void for the reasons that it contravenes the public
policy of the State of South Carolina, which prohibits the
co-education of the white and colored young; that the
objects for which the said bequest is made is indefinite; that
the beneficiaries are uncertain; and that it does not appear
who is ultimately to hold the property or how it is to be kept
up; and that the testator's fellow-citizens have not contrib-
uted $50,000 to carry out his plan.

"XIII. That the defendant, Henry S. Holmes, was ap-
pointed administrator of the goods, chattels and credits of
said James Gibbes Haile, deceased, by the probate court of
Charleston County on the        day of        1893; that
the said James S. Gibbes, jr., deceased, left a last will and
testament, which was probated in the probate court of
Charleston County on or about the        day of
1899, and the defendant, Henry S. Holmes, who was named
therein as executor thereof, qualified in said court before the
commencement of the action; and that the John Haile men-
tioned in paragraph 4th of section 29 departed this life tes-
tate on or about the 18th day of July, 1897; and the defend-
ants, Screven Dozier and John Chesnut, named executors
therein, duly qualified thereunder before the probate court
of Charleston County on the        day of        1897;

that the defendant, James S. Wilson, mentioned in paragraph 6th of section 29 of the will, has been paid the legacy therein mentioned, as plaintiff is informed and believes; and she is informed and believes that the legacies mentioned in paragraphs 1st, 2d and 5th of section 20 have also been paid.

"XIV. That paragraph 8 of the first codicil revokes and takes the place of the last clause of paragraph 8 of section 29.

"XV. That section 29 provides: That should there be no living descendants of the said James S. Gibbes, sr., deceased, to hold and enjoy his estate as limited and appointed in sections 7, 8, 9 and 23, and all sections referring to the same, as laying down the limitations and rules of any property within the period allowed by law for the limitation of estates as declared in said last will and testament, then the estate of said James S. Gibbes, sr., deceased, should go and be divided as in said section prescribed and in paragraph 8 of said section 29 it is prescribed as follows: 'One equal third part of all the residue shall go to and be divided equally among the issue of my niece, Mrs. Josephine Emanuel, *per stirpes;* provided, that if she be living when the contingency upon which this section shall take effect shall occur, then, in that case, the entire income shall be paid during her life, free from the debts or control of any husband; and no division thereof among her issue shall be had until her death;' and under said paragraph the plaintiff herein is entitled to the income for life of a third part of all the residue therein mentioned; which residue includes any estate arising from sections 4, 5, 7, 8, 9 and 23 of said will, and any lapsed legacies therein mentioned; and plaintiff is also entitled by virtue of said section 29 to a life estate in one-third of all the property derived from the aforesaid marriage settlement and the $100,000 mentioned in paragraph 4 of the first codicil, and the lapsed legacies mentioned in section 29, or else she is entitled to one-fourth of all of said funds thereof absolutely under the statute of distribution.

"XVI. That since the aforesaid action to construe the

will of the said James S. Gibbes, sr., deceased, was brought, and the construction of parts thereof made by the Court, and the deaths of James Gibbes Haile and James S. Gibbes, jr., the defendants, Richard B. Ferris, Edward H. Sparkman and Henry S. Holmes, as executors of the last will and testament of · James S. Gibbes, sr., deceased, have taken no legal steps in this Court wherein said action was brought to have said will of said James S. Gibbes, sr., deceased, further construed, nor have they made further accountings in said Court; but the defendant, the Farmers Loan and Trust Company, on or about the 23d day of August, 1899, brought an action in the Supreme Court in and for the city and county of New York, in the State of New York, against said Richard B. Ferris, Edward H. Sparkman and Henry S. Holmes, as executors of the last will and testament of James S. Gibbes, sr., deceased, and others, to have said will further construed in the light of the deaths of said James Gibbes Haile and James S. Gibbes, jr.; and plaintiff is informed and believes that the aforesaid executors of the will of said James S. Gibbes, sr., deceased, are consenting or about to consent to the jurisdiction of said Supreme Court of the State of New York.

"XVII. That section 28 of said last will and testament provides as follows : 'I hereby order and direct that my last will, and all and any codicils I may hereafter add thereto, be proved and administered from either Charleston or Marion Counties, as my executors may find most convenient and practical.'    And section 30 of said will provides : 'I hereby order and direct that in case of any question, this will shall be construed according to the law of South Carolina in the construction of wills at the date of making of this will.'

"XVIII. That the plaintiff is advised, informed and believes that by means of the aforesaid action brought in this Court to construe the will of the said James S. Gibbes, sr., deceased, this Court acquired and the probate court lost jurisdiction as to the administration of the estate of said James S. Gibbes, sr., deceased, under his said will, and all

accountings should be had, and the question under the afore-
said will should be decided in and by this Court.

"XIX. That the plaintiff and defendants, James S. Wil-
son, a child of Eleanor S. Wilson, a predeceased sister of
James S. Gibbes, sr., deceased, and Charles Hartridge
Gibbes, Arthur B. M. Gibbes, H. Stuart Gibbes, Thomas M.
Gibbes and Virginia P. Gibbes, children of Allen S. Gibbes,
a predeceased brother of said James S. Gibbes, sr., are the
only heirs at law and next of kin of said James S. Gibbes,
sr., deceased.

"Wherefore, plaintiff asks judgment as follows:

"1. That the defendants, Richard B. Ferris, Edward H.
Sparkman and Henry S. Holmes, as executors of the last
will and testament of James S. Gibbes, sr., deceased, be
enjoined from answering or in anywise consenting to the
jurisdiction of the Supreme Court of the State of New York
in the case hereinbefore mentioned, and that the defendant,
the Farmers Loan and Trust Company, be enjoined from
further proceedings in said case, and be directed to discon-
tinue the same.

"2. That the defendants, Richard B. Ferris, Edward H.
Sparkman and Henry S. Holmes, as executors of the last
will and testament of James S. Gibbes, sr., deceased, be di-
rected to file their accounts herein as such executors.

"3. That the defendant, the Farmers Loan and Trust
Company, be directed to file its accounts as trustee herein.

"4. That the defendant, Henry S. Holmes, be directed to
file his accounts, as trustee, under said marriage settlement.

"5. That the defendants, Henry S. Holmes and Charles
H. Simonton, as trustees, be required to file their accounts
herein.

"6. That the said will of said James S. Gibbes, sr., de-
ceased, be construed by this Court, and it be determined
whether paragraph 4th of the first codicil thereof is void,
and whether any of the legacies mentioned in said will have
lapsed, and how the plaintiff and others are entitled to take
thereunder.

"7. For the costs and disbursements and reasonable coun-sel fees herein.

"8. For such other and further relief as may be equitable and proper."

We will now briefly consider the execeptions in their order:

1. We cannot sustain the first exception; for, after a care-ful consideration of the complaint and the laws of this State regulating the method of acquiring jurisdiction by our Courts of Common Pleas by the service of summons upon residents of other States, both of individuals and of corporations, we are satisfied that in personal actions as distinguished from actions bottomed upon attach-ments and like provisional remedies in actions, service of summons, issuing out of our State Courts, cannot run be-yond our borders. Since the cases of *Pennoyer* v. *Neff,* 95 U. S., 714; *Tillinghast* v. *Boston Company,* 39 S. C., 484; *Wrenn* v. *Johnson,* 62 S. C.,     the service of summons in this case cannot be sustained. No law which a State has the right to enact can be active beyond the State's borders. When, therefore, stress is laid by the appellant upon sec. 156 of our Code of Procedure, she complains of matter from which our State laws cannot afford relief. As before sug-gested, the principle may be thus stated: The Courts of this State can regulate the citizens or residents within her borders. Thus she can require all persons within her borders to abide by and perform the judgment of the Courts. So, too, in regard to property, real and personal, situate within the territorial limits of the State, even when such property is owned by persons, natural or artificial, residing beyond the limits of our State, the judgments of our Courts can afford full relief, so far as the said property, real and personal, situated within the State borders, is concerned. Beyond this, judgments of our State Courts cannot go. These principles are firmly established in the adjudications we have before cited. The Chief Justice of this Court, in the case of *Tillinghast* v. *Boston Lumber Co., supra,* has

with great care and ability, after pointing out the decisions
of the United States Supreme Court of *Pennoyer* v. *Neff*,
*supra; Galphin* v. *Page,* 18 Wallace, 367; *St. Clair* v. *Cox,*
106 U. S., 350; *Mexican Central Railway* v. *Pinckney,* 149
U. S., 194; *Wilson* v. *Seligman,* 144 U. S., 44, remarked:
"These being the well settled principles applicable to a case
like the one now under consideration, established by the
Supreme Court of the United States, a tribunal which is
invested with final jurisdiction in controversies between citi-
zens of different States, it seems to us that we are bound, if
practicable, to put such a construction upon the provisions
of our Code above referred to" (being sections 155 and 156)
"as will bring it into conformity with such principles.
This, we think, can be done by construing the above men-
tioned provisions of our Code as applying only to cases in
which a warrant of attachment has been issued, or to some
other proceeding *in rem,* or in the nature of a proceeding
*in rem,* and not to cases of mere personal actions in which
only a personal judgment can be obtained. * * * We are,
therefore, compelled to construe the provisions of the Code
above referred to, providing for the mode of making a non-
resident (defendant) a party to an action, as applying only
to such actions as may be regarded as a proceeding *in rem,*
and not applying to merely personal actions, in which only a
personal judgment is sought or can be obtained." The
complaint itself in the case at bar shows that the property
of James S. Gibbes, sr., has all been converted into per-
sonalty, and by the judgment of the Court of Common Pleas
of this State, has been ordered to be transferred to the de-
fendant, the Farmers Loan and Trust Company, located in
the city of New York, in the State of New York, and that
such defendant is now in the actual and sole control of all
such property. It was the duty of the plaintiff, if that de-
fendant owned property in the State of South Carolina, to
so allege; but as we understand the allegations of the com-
plaint, it only alleges as a legal conclusion that said defend-

ant has property here. As before stated, we refuse this exception.

2. We must overrule this exception, for the reason, amongst others, that when the Court of Common Pleas for Charleston County, in the State of South Carolina, by its judgment, ordered that *all of the estate* of James S. Gibbes, sr., which could go to the defendant, the Farmers Loan and Trust Company, in New York city, should be paid over to that corporation, and that the whole estate, under said judgment, was turned over to that defendant, in New York city, in the State of New York, it could not and cannot be said as to that defendant and as to that property, that such case in the Court of Common Pleas of Charleston County is still pending, so that such defendant and such property is still within the control of said Court.

3. We overrule the third exception, for the same reasons set out in the second division of this opinion.

4. We overrule the fourth exception, for the reasons already given. (a) It makes no difference where James S. Gibbes, sr., lived, made his will and died, nor that his executors live in this State and that some other parties live or lived here, for the property of James S. Gibbes, sr., under his will and under the decree of the Court of Common Pleas for Charleston County, in this State, has been turned over to the defendant, the Farmers Loan and Trust Company, a corporation located and doing business in the city of New York, in the State of New York. The defendant is a foreign corporation, and does not submit itself to the jurisdiction of the Courts of this State, and in the proper way has objected to that jurisdiction over it. (b) Is too general to be considered. (c) The complaint itself states that the property, under the marriage settlement, has already (though, it is complained, improperly) been turned over to the defendant foreign corporation. (d) We do not consider that the Farmers Loan and Trust Company is strictly an officer of the Courts of this State—it was

appointed trustee by the testator in his will, and is such trustee.

We are satisfied with the judgment below, and the service of summons upon the six defendants named, as objecting to the jurisdiction of the Court in the action now pending, as brought by Mrs. Amelia J. Emanuel, as plaintiff, should be set aside as to each and all of them.

It is the judgment of this Court, that the judgment of the Circuit Court herein be affirmed.