8138

SANDERS v. D. LANDRETH SEED CO.

1. ATTACHMENTS—AMENDMENT OF PLEADINGS.—The return of a sheriff on a summons that the defendant had no property within the State which he could find subject to attachment may be shown to be incorrect and amendment may be allowed.

2. IBID.—It is not necessary to serve a warrant of attachment on a person who has in his possession property of a nonresident, but it is sufficient to notify him of the attachment and demand the surrender of the property.

Before GAGE, J., Beaufort, July, 1911. Affirmed.

Motion in case of Gustave Sanders against D. Landreth Seed Company. Defendant appeals.

*Messrs. W. S. Tillinghast* and *Mordecai & Gadsden, Rutledge & Hagood,* for appellant, cite: *Attachment should*

*have been made at or before service of summons:* 83 S. C. 221; 63 S. C. 104; 69 S. C. 57; 29 S. C. 496.

*Mr. W. J. Thomas,* contra, cites: *It is not necessary to serve on defendant any paper except summons:* 43 S. C. 339; Code of Proc. 248. *Debts due defendant can be attached:* 6 S. C. 446; 54 S. C. 582.

March 16, 1912.   The opinion of the Court was delivered by

Mr. Justice Woods.   This appeal is from an order refusing to set aside the alleged service of a summons and complaint on the defendant, a foreign corporation.   The service was made by publication and personal service out of the State, and the appeal depends on whether the attachment issued against the property of the defendant was illegal and void, for without attachment a foreign corporation can not be forced to submit to the jurisdiction of the Courts of the State. *Emmanuel* v. *Ferris,* 63 S. C. 104, 41 S. E. 20; *Breon* v. *Miller Lumber Co.,* 83 S. C. 221, 65 S. E. 214. The writ of attachment was issued in the usual way after due compliance with the conditions precedent required by the statute.   The affidavit upon which it was founded stated, among other things, "that said defendant owns property as said plaintiff is informed and verily believes now in said Beaufort county, South Carolina, in the way of bills of lading, moneys, and moneys due to defendant, and in the possession of parties now in Beaufort county, which property, bills of lading and money this deponent is informed and verily believes said defendant is about to take and carry beyond the limits of this State and beyond the jurisdiction of this Court with the intention to deprive their creditors here from having said property subjected to such debts as may be due by them here."

The return of the sheriff was as follows: "I hereby certify that on the eleventh day of January, A. D. 1911, at Beaufort, South Carolina, I served on W. F. Marscher, cashier of Peoples Bank, the summons and complaint in this action by delivering copies thereof to him personally and leaving the same with him. The defendant above named is not a resident of this county or State, and has no property in this county so far as I have been able to find."

At the hearing of the motion to set aside the service of the summons and complaint, the plaintiff introduced an affidavit from W. F. Marscher, cashier of the Peoples Bank, to the effect that the sheriff had served upon him not only the summons and complaint, but the affidavit and the attachment bond, and demanded of him $304.56 as the property of the defendant in his hands; that at the time of the service and demand he had in his hands money belonging to the defendant collected on a draft drawn by defendant and two other drafts which he subsequently collected, and that at the time of the hearing he held money of the defendant to the amount of $304.56, subject to the order of the Court. To this affidavit there was no response on the part of the defendant.

The return of the sheriff that the defendant had no property subject to attachment in this State was *prima facie* correct, but the presumption was subject to rebuttal by evidence that the return was not correct. *Grenobles* v. *West,* 23 S. C. 154. The affidavit of Marscher showed not only that the defendant did have property in the form of money in this State and in the hands of the deponent, and that the sheriff had served papers on him as the custodian of the property, which gave him full notice of the attachment, but it showed further that the sheriff had actually demanded that he surrender the money to him. On this showing the Circuit Judge with good reason found as a conclusion of fact that the defendant did have money in the State in the hands of the cashier of the Peoples Bank. That

being so, notice by the sheriff to the cashier of the attachment, and demand for the money to be paid thereon, was a sufficient service of the attachment. The statute does not require that the warrant of attachment shall be served on the person in whose hands personal property of the defendant may be found—*Grollman* v. *Lipsitz,* 43 S. C. 329, 21 S. E. 272; it is sufficient if he give such person notice of the attachment, and demand the surrender of the property. The Circuit Judge thereupon properly refused the motion to set aside the service of the summons and complaint, made on the ground that the Court had not acquired jurisdiction by attachment or otherwise, and properly allowed the plaintiff to take proper steps to have the irregular and incorrect return of the sheriff corrected.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

*Only* MR. CHIEF JUSTICE GARY *and* MR. JUSTICE HYDRICK *participated in this opinion and concur.*