HOMER B. COBURN *v.* WARREN B. DROWN.

November Term, 1944.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT
and JEFFORDS, JJ.

Opinion filed January 2, 1945.

*Hubert S. Pierce* for the plaintiff.

*Raymond L. Miles* for the defendant.

JEFFORDS, J.   This is an action of tort for conversion.   The
material facts relating to the main question are not in dispute.

In August, 1943, the plaintiff purchased 25 cattle from Leon

Regan and gave the latter a check for $1500.00 as the purchase price. The plaintiff was not in a position to take the cattle at the time of the purchase so Regan agreed to keep them for a few days. During the time that Regan kept the cattle for the plaintiff no steps were taken to indicate any change in their ownership. The day before the plaintiff was to come to the Regan farm to take the cattle the defendant purchased the same cattle from Regan and gave a check for $1550.00 for them. Within a few minutes of the time he received the check Regan told the defendant that Coburn had bought the cattle. After the receipt of this information the defendant took the animals from the Regan farm. The fair value of the cattle at the time they were so taken exceeded the amount for which they were sold to the plaintiff.

The plaintiff is here on exceptions taken to the ruling of the court excluding certain evidence and to the direction of a verdict for the defendant. The offered evidence tended to show that the defendant was informed by telephone of the previous sale of the cattle prior to the time they were taken from the Regan farm by the defendant. The evidence was excluded on the ground that it was immaterial as the second sale had been consummated before the telephone conversation took place. The ground of the motion for a directed verdict was that there was no evidence in the case that the defendant had any notice of the transaction between Coburn and Regan previous to the time the defendant bought the cows and paid for them.

The plaintiff in order to maintain this action was required to prove that at the time the defendant took the cattle he (the plaintiff) had the right to the immediate possession of the animals. *Nemie* v. *Todd,* 89 Vt 502, 506, 96 A 14. Whether the plaintiff had such a right depends on whether the transaction between Regan and the defendant conveyed a valid title to the cattle to the latter.

Under our law the retention of possession of the cattle by Regan, the vendor, made the sale to Coburn fraudulent in law, or per se, as to creditors of Regan or as to bona fide purchasers without notice. This rule of law is so well settled as to require no citation of authorities. For illustrative cases see *Foss* v. *Towne,* 98 Vt 321, 324, 127 A 291, and *Daniels* v. *Nelson,* 41 Vt 161, 98 Am Dec 577.

It is apparent that the trial court and counsel for the defendant took the position that the giving of the check for the cattle before notice of the prior sale made Drown a bona fide purchaser of the animals so that it was immaterial that he received such notice before the cattle had been delivered to him.

The plaintiff's position was, and is, that Drown is not entitled to the rights of a bona fide purchaser as he had notice of the prior sale before he had received possession of the cattle. The plaintiff in support of his position relies on P. L. sec. 7950 (sec. 25 of the Uniform Sales Act) which reads as follows:

> "Where a person having sold goods continues in possession of the goods, or of negotiable documents of title to the goods, the delivery or transfer by the person, or by an agent acting for him, of the goods or documents of title under any sale, pledge, or other disposition thereof, to any person receiving and paying value for the same in good faith, and without notice of the previous sale, shall have the same effect as if the person making the delivery or transfer were expressly authorized by the owner to make the same."

■■ Our search of the cases reveals none which has directly construed this section of the Sales Act on this point. This may be due to the fact that the language of the section is so plain and unambiguous in meaning as to leave no room for construction. *Hooper* v. *Kennedy,* 100 Vt 376, 379, 138 A 778. Moreover, as this statute is not susceptible of two meanings there is no occasion to examine it in the light of common law principles. *Brammall* v. *LaRose,* 105 Vt 345, 350, 351, 165 A 916. It follows that P. L. 7950 is to be given the meaning that its words clearly import. Thus in order for one to be a bona fide purchaser entitled to the protection of the statute the subsequent purchaser must both receive possession of and pay value for the goods before notice of the prior sale.

P. L. 7950 governs the case and if it changed in any way our common law rule in respect to the essentials necessary to constitute this defendant a bona fide purchaser, a matter which we do not in any way decide, the change was brought about by the clear and unambiguous language required to make changes by statute in the

common law.  *State* v. *Sylvester,* 112 Vt 202, 207, 22 A2d 505, and cases there cited.

The defendant in his brief claims that the case is governed by P. L. 7951 (sec. 26 of the Sales Act).  This section pertains to the rights of creditors of a vendor who has retained possession of the goods which he has sold.  As far as it appears from the record Drown was not a creditor of Regan.  The cattle were taken by Drown as a purchaser and not as a creditor.  Consequently P. L. 7951 does not here apply.

. The trial court in its discussion with counsel of P. L. 7950 indicated it believed that P. L. 8474 which relates to fraudulent transfers made to avoid a right, debt or duty had some bearing in the case.  A reading of this section and the cases construing the same discloses that it does not apply to the facts in the present case.  See *Fuller* v. *Sears,* 5 Vt 527.

It is not questioned that the parties intended in both instances that the title to the cattle should pass to the respective vendees when the contracts were made.  Thus as between Regan and the plaintiff title to the animals vested in the latter when their contract was entered into. P. L. 7944, Rule 1.  (Sales Act sec. 19a).  Inasmuch as the defendant was not entitled to protection as a bona fide purchaser of the cattle under P. L. 7950 it follows that he did not acquire title to the property from Regan, as the title which the latter·purported to give was not in him at that time but in the plaintiff.  As far as the facts show, title gave the plaintiff the right to immediate possession of the cattle.  Thus the court erred in directing a verdict for the defendant on the ground which we have considered.  For the same reasons, there was error in excluding the offered evidence.

The defendant in oral argument and in his brief advances two grounds in support of the direction of the verdict which·were not stated below.  He says we may properly consider them under our rule that we may sustain the ruling on any legal ground though it was based below on other grounds.  The plaintiff urges several claimed reasons why that rule cannot properly be applied in the present case.  There is no·need to discuss these claims of the plaintiff as neither of the grounds now urged by the defendant would have warranted a direction of a verdict in his favor.

The first of these grounds is, in effect, that the evidence discloses that the plaintiff had given Regan the right to sell the cattle

in question. The evidence relied upon by the defendant is to be found in Regan's testimony. But this witness was found by the court to be hostile to the plaintiff and there was other evidence in the case which would reasonably have warranted the jury in finding that no such right had been given. This question was for the jury to determine.

The second of these grounds is that there was no evidence of a demand and refusal and no evidence of an inability on the part of the defendant to have complied with a demand.

There is no necessity of proof of a demand and refusal for the purpose of establishing a conversion when the conversion is otherwise established. *Loverin* v. *Wedge,* 102 Vt 138, 143, 146 A 248; *Lathrop* v. *Lawson,* 96 Vt 513, 516, 121 A 438; *Crampton* v. *Valido Marble Company,* 60 Vt 291, 302, 15 A 153, 1 LRA 120.

Under our rule of law, where one purchases personal property of a person in possession of it, but who is not the true owner and has no right to sell it, and the purchaser takes possession, claiming title to it as owner, and puts it to use, there is an actual conversion which makes him liable in trover to the owner, without any demand or notice, though he purchased in good faith of one whom he supposed to be the owner and entitled to sell it. *Crampton* v. *Valido Marble Company, supra; Riford* v. *Montgomery,* 7 Vt 411, 418. The case at bar is stronger because Regan not only had no right to sell the cattle to Drown but the latter was chargeable with notice of that fact before he took possession of the same. Under these circumstances, the exercising of dominion over the cattle by the defendant as his own property as evidenced by his act of taking them from the Regan farm and keeping and presumably using them to the extent, at least, of milking the cows constituted a conversion and no demand and refusal was necessary in order to perfect a right of action. *Crampton* v. *Valido Marble Company, supra; Bucklin* v. *Beals,* 38 Vt 653, 660. In reaching this conclusion we have assumed that if the case had been submitted to the jury they would have found that Coburn had given Regan no authority to sell the cattle. Of course if they had found on legal evidence that such authority had been given, no question of necessity of demand and refusal would thereafter be in the case.

*Judgment reversed and cause remanded.*