# WILSON *v.* SELIGMAN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF MISSOURI.

No. 177.   Argued and submitted March 1, 2, 1892. — Decided March 14, 1892.

Under the statute of Missouri, authorizing execution upon a judgment against a corporation to be ordered against any of its stockholders to the extent of the unpaid balance of their stock, "upon motion in open court, after sufficient notice in writing to the persons sought to be charged," a notice served in another State upon a person alleged to be a stockholder, and who has never resided in Missouri, is insufficient to support an order charging him with personal liability.

THIS was an action brought by Wilson, a citizen of Missouri, against Seligman, a citizen of New York, in the circuit court of the city of St. Louis, and duly removed by the defendant into the Circuit Court of the United States. The action was upon an order or judgment of the state court under section 736 of the Revised Statutes of Missouri of 1879, (which is copied in the margin,[1]) by which execution was awarded against the defendant as a stockholder in the Memphis, Carthage and Northwestern Railroad Company, a corporation of Missouri, upon a judgment recovered by the plaintiff against the corporation. The defendant answered, denying that he was a stockholder, and averring that the order or judgment against him was void, for want of jurisdiction of his person. The present case was submitted, a jury being duly waived in writing, to the court, which found the following facts:

The plaintiff's judgment against the corporation was recovered in the state court on April 2, 1883, for $72,799.38, and interest. Upon that judgment executions against the corporation were issued to the sheriffs of the several counties in Missouri through which it had built its road, and were returned unsatisfied; and the corporation was then, and has been ever since, insolvent. On July 9, 1883, the plaintiff filed a motion in the same court for an order that execution for the amount of that judgment issue against the defendant as the alleged holder of stock in the corporation on which more than the amount of the judgment against the corporation was still unpaid. Notice of this motion was served on him personally at his domicil in New York, and was posted in the clerk's

---

[1] If any execution shall have been issued against any corporation, and there cannot be found any property or effects whereon to levy the same, then such execution may be issued against any of the stockholders to the extent of the amount of the unpaid balance of such stock by him or her owned: provided, always, that no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceedings shall have been brought or instituted, made upon motion in open court, after sufficient notice in writing to the persons sought to be charged; and, upon such motion, such court may order execution to issue accordingly: and provided, further, that no stockholder shall be individually liable in any amount over and above the amount of stock owned.

office of the state court. No notice was served on him within the State of Missouri, and he never was a citizen or a resident of this State. At the hearing of the motion, on December 3, 1883, the defendant did not appear, and the court entered an order, finding that he was a stockholder as alleged, and was liable to execution for the amount of the judgment against the corporation, and granting the motion and ordering execution to issue against him accordingly. This was the order or judgment upon which the present action was brought.

Upon these facts, the court below gave judgment for the defendant. 36 Fed. Rep. 154. The plaintiff sued out this writ of error.

*Mr. James S. Botsford* (with whom was *Mr. Marcus T. C. Williams* on the brief) for plaintiff in error.

*Mr. James O. Broadhead* and *Mr. John O'Day* filed a brief for defendant in error, but the court did not desire to hear further argument.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

The statute of Missouri, under which these proceedings were had, authorizes execution upon a judgment against a corporation to be ordered against any of its stockholders, only to the extent of the unpaid balance of their stock, and "upon motion in open court, after sufficient notice in writing to the persons sought to be charged." Missouri Gen. Stat. 1865, c. 62, § 11; Rev. Stat. 1879, § 736; Rev. Stat. 1889, § 2517. Each person sought to be charged as a stockholder is thus given the right, before execution can be awarded against him on a judgment against the corporation, to written notice and judicial investigation of the questions whether he is a stockholder, and, if he is, how much remains unpaid on his stock. Although the statute does not define the course of proceeding or the kind of notice, otherwise than by directing that the proceeding shall be summary, upon motion and "after sufficient notice in writ-

ing to the persons sought to be charged," there can be no doubt that in this, as in all other cases, in which a personal liability is sought to be enforced by judicial proceedings and after written notice, the notice must be personally served upon the defendant within the territorial jurisdiction of the court by whose order or judgment his personal liability is to be ascertained and fixed, unless he has agreed in advance to accept, or does in fact accept, some other form of service as sufficient.

The general principles applicable to this subject were clearly and exhaustively discussed by this court, speaking by Mr. Justice Field, in *Pennoyer* v. *Neff,* 95 U. S. 714, from which it will be sufficient to quote a few sentences: " Every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory," and " no State can exercise direct jurisdiction and authority over persons or property without its territory." p. 722. " It is in virtue of the State's jurisdiction over the property of the non-resident situated within its limits, that its tribunals can inquire into that non-resident's obligations to its own citizens, and the inquiry can then be carried only to the extent necessary to control the disposition of the property." p. 723. " Where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely *in personam,* constructive service in this form upon a non-resident is ineffectual for any purpose. Process from the tribunals of one State cannot run into another State, and summon parties there domiciled to leave its territory, and respond to proceedings against them. Publication of process or notice within the State where the tribunal sits cannot create any greater obligation upon the non-resident to appear. Process sent to him out of the State, and process published within it, are equally unavailing in proceedings to establish his personal liability." p. 727. " A judgment which can be treated in any State of this Union as contrary to the first principles of justice and as an absolute nullity, because rendered without any jurisdiction of the tribunal over the party, is not entitled to any respect in the State where rendered." p. 732. " To give such proceedings any validity, there must be a tribunal competent by its

constitution, that is, by the law of its creation, to pass upon the subject matter of the suit; and if that involves merely a determination of the personal liability of the defendant, he must be brought within its jurisdiction by service of process within the State, or his voluntary appearance." p. 733. See also *D'Arcy* v. *Ketchum*, 11 How. 165; *St. Clair* v. *Cox*, 106 U. S. 350; *Latimer* v. *Union Pacific Railway*, 43 Missouri, 105.

It may be admitted that any State may by its laws require, as a condition precedent to the right of a corporation to be organized, or to transact business, within its territory, that it shall appoint an agent there on whom process may be served; or even that every stockholder in the corporation shall appoint an agent upon whom, or designate a domicil at which, service may be made within the State, and that, upon his failure to make such appointment or designation, the service may be made upon a certain public officer, and that judgment rendered against the corporation after such service shall bind the stockholders, whether within or without the State. In such cases, the service is held binding because the corporation, or the stockholders, or both, as the case may be, must be taken to have consented that such service within the State shall be sufficient and binding; and no individual is bound by the proceedings who is not a stockholder. *Lafayette Ins. Co.* v. *French*, 18 How. 404; *Ex parte Schollenberger*, 96 U. S. 369; *Pennoyer* v. *Neff*, 95 U. S. 714, 735; *Vallee* v. *Dumergue*, 4 Exch. 290, 303; *Copin* v. *Adamson*, L. R. 9 Exch. 345, 355, 356, and 1 Ex. D. 17.

But such is not this case. Under a former statute of Missouri, any officer, holding an execution against a corporation which had been returned unsatisfied, might, without further action of the court, levy the same execution upon the property of stockholders within the State. Missouri Rev. Stat. 1855, c. 34, §§ 13, 14. In that condition of the law, the judgment and execution bound only the property of stockholders on which it was levied within the State, and created no personal liability on their part which could be enforced by suit in another State; and if the officer levied the execution on the

property of any person not a stockholder, he was liable as a trespasser. The very object of the existing statute, as manifest on its face, and as declared by the Supreme Court of Missouri, was to change the law, so as to leave nothing to the discretion of the officer, and to require the judgment creditor to apply to the court for execution against any person whom he sought to charge as a stockholder, and to have all questions affecting his relations to the corporation and its creditors investigated and determined by the court before an execution should issue against him. *Skrainka* v. *Allen*, 76 Missouri, 384, 391. And see *Holyoke Bank* v. *Goodman Co.*, 9 Cush. 576, 583.

In the case at bar, the defendant never resided in Missouri, and was not served with process within the State, either upon the original writ against the corporation, or upon the motion for execution against him. He denies that he was a stockholder, and the question whether he was one was not tried or decided in the controversy between the plaintiff and the corporation, nor involved in the judgment recovered by one of those parties against the other. Under the statute of Missouri, and upon fundamental principles of jurisprudence, he is entitled to legal notice and trial of the issue whether he is a stockholder, before he can be charged with personal liability as such; and personal service of the notice within the jurisdiction of the court is essential to support an order or judgment ascertaining and establishing such liability, unless he has voluntarily appeared, or otherwise waived his right to such service, which he has not done in this case.

These views are maintained by a very recent decision of the Supreme Court of Missouri in *Wilson* v. *St. Louis & San Francisco Railway*, 18 Southwestern Reporter, 286, as well as by the English cases expounding the St. of 8 & 9 Vict. c. 16, § 36, which was the source of the provision of the existing statute of Missouri. *Edwards* v. *Kilkenny &c. Railway*, 1 C. B. (N. S.) 409, and 14 C. B. (N. S.) 526, and note, citing words of English statute; *Ilfracombe Railway* v. *Devon & Somerset Railway*, L. R. 2 C. P. 15; *Shrimpton* v. *Sidmouth Railway Company*, L. R. 3 C. P. 80; *Skrainka* v. *Allen*, 76

Missouri, 384, 388, 389. See also *Howell* v. *Maglesdorf*, 33 Kansas, 194.

The cases in which judgments against a territorial and municipal corporation have been enforced against its inhabitants, either by direct levy of execution on their property, according to common law or ancient usage, as in New England, or by mandamus to levy a tax to pay the judgment, pursuant to express statute, as in Missouri, have no bearing upon this case. *Bloomfield* v. *Charter Oak Bank*, 121 U. S. 121, 129, and cases cited; *State* v. *Rainey*, 74 Missouri, 229.

*Judgment affirmed.*