## WOLSKI v. BOOTH & FLINN, Limited.

(Supreme Court, Special Term, Westchester County. February 4, 1916.)

1. PROCESS ⬥158—SETTING ASIDE SERVICE OF SUMMONS—SHOWING OF INSUFFICIENCY.

Where plaintiff's cause of action will be barred by limitation if the service of summons upon defendant is set aside and vacated on its motion, the court should be clearly satisfied that the service was insufficient before so doing.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 218–220; Dec. Dig. ⬥158.]

2. EVIDENCE ⬥35—JUDICIAL NOTICE.

The court cannot take judicial notice of the law of a foreign state.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 35, 51; Dec. Dig. ⬥35; Appeal and Error, Cent. Dig. § 2959.]

3. CORPORATIONS ⬥668—FOREIGN CORPORATIONS—SERVICE OF PROCESS—PRESUMPTION.

In the absence of proof of the law of Pennsylvania conclusively showing that a limited partnership formed therein under statutory authority is not a corporation, the fact that such a partnership applied as a corporation for a certificate to do business in New York, and that such a certificate was granted, is presumptive evidence that the partnership, notwithstanding its designation as such in the complaint in an action against it, is a foreign corporation, so that service of process upon its designated agent was proper.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. ⬥668.]

4. CORPORATIONS ⬥659—FOREIGN CORPORATIONS—SERVICE OF PROCESS ON LIMITED PARTNERSHIP.

Where a limited partnership, formed in Pennsylvania under statutory authority, complied with General Corporation Law (Consol. Laws, c. 23) § 16, relating to such applications by foreign corporations, by applying for a certificate to do business in New York, calling itself a corporation and designating a person to receive service of process as if it had been a foreign corporation, such partnership will not be heard to claim that service of summons upon such agent was a nullity.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2561, 2562; Dec. Dig. ⬥659.]

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. PROCESS ⬥166—SERVICE OF SUMMONS—WAIVER OF STATUTORY PROVISION.
   An individual defendant, by designating an agent or attorney to receive
service of process for him, may waive the benefit of the statutory provi-
sions relating to service of summons upon an individual, and providing for
delivery of a copy to the defendant in person, since the provision is plain-
ly for his benefit.

   [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 250-255; Dec.
Dig. ⬥166.]

Action by Alexander Wolski, as administrator, against Booth &
Flinn, Limited. On motion to set aside service of summons. Motion
denied.

Stephen A. Machinski, of New York City, for plaintiff.
John A. Goodwin, of White Plains, for defendant.

YOUNG, J. The defendant has moved to vacate and set aside the
service of the summons upon the defendant, upon the ground that the
defendant is a limited partnership and that the summons was improp-
erly served upon a person designated in an application filed in the sec-
retary of state's office for a certificate to do business in this state as
a person to receive service of process and that such person was not
a member of such limited partnership.

[1] The action is brought to recover damages for the death of plain-
tiff's intestate alleged to have been caused by the negligence of the
defendant on or about November 21, 1913. If, therefore, this serv-
ice is set aside and vacated, plaintiff's cause of action will be barred
by the statute of limitations. Under these circumstances, the court
should be clearly satisfied that the service was insufficient.

It appears from the complaint and moving papers that the defendant
is a limited partnership, organized under an act of the Assembly of
the state of Pennsylvania entitled "An act authorizing the formation
of partnership associations in which the capital subscribed shall alone
be responsible for the debts of the association," etc. P. L. 1907, p. 432.
It also appears from the moving papers that the defendant, pursuant
to a demand of the Public Service Commission of the First District,
made application for a certificate to do business in this state on or
about June 23, 1914, and a copy of such application, to which is ap-
pended what is termed in the application a sworn copy of the charter
of said *incorporation*. This application purports to be made pursu-
ant to section 16 of the General Corporation Law, and recites that it
makes "a statement and designation under its *corporate* seal to be
filed with the annexed sworn copy of its charter or certificate of
incorporation." This application further designates Graham Caldicott
as a person upon whom a summons may be served, etc., and recites his
office or place of business, which is a place where said *corporation* is
to have its principal place of business within the state of New York.

The affidavit of defendant's attorney states that the expressions "cor-
poration" and "incorporation," contained in this application, arose
through an inadvertence on his part, from the fact that the application
was taken from a form in White on Corporations, and also that he, at

the time of drawing such application, advised the defendant that they were not a foreign corporation within the meaning of the Code of Civil Procedure or the General Corporation Law, and that compliance with the unwarranted demand of the Public Service Commission was a legal nullity, but the same was done to avoid any complications connected with the assignment of any bid for the construction of subways in New York City.

It is claimed by defendant that this application and designation filed in the secretary of state's office did not legally constitute the person designated a proper one upon whom valid service of the summons in this action could be made, because the defendant is not a foreign corporation, but is a limited partnership, and that there is no provision in the Code or in any statute permitting such a designation or making such service valid and effectual. The defendant at the present time, as appears from its application for the certificate to do business in this state and the papers attached thereto, consists of three partners, and the defendant claims that the only method by which this limited partnership can be sued is under the individual names of the partners and by service upon them individually.

If this defendant were a limited partnership or joint-stock association of this state, undoubtedly service of the summons would have to be made upon the individual defendants. There does not seem to be any provision of the Code permitting a designation by a nonresident, and the Code provides that the service of summons upon defendant, being a natural person, shall be effected by delivering to the defendant in person (section 426).

[2, 3] The court, of course, is inclined to uphold the service of process, especially where otherwise the plaintiff would be barred of his remedy, unless the defect is jurisdictional. Nothing appears from the papers now before the court as to the true status of the defendant under the laws of Pennsylvania. The court cannot, of course, take judicial notice of the law of a foreign state, although some decisions of the United States Supreme Court concerning the status of these limited partnerships with reference to the jurisdiction of the federal courts by reason of citizenship seem to hold that for the purposes of considering the jurisdiction of the federal courts they are not to be deemed corporations. These decisions, however, are not controlling upon this court, so far as the question here involved is concerned. It may be that proof of the law of Pennsylvania would establish that these limited partnerships are in substance and effect corporations under the law of Pennsylvania, and would be held by the courts of this state to be foreign corporations within the meaning of section 16 of the General Corporation Law. Furthermore, in the absence of proof of the law of Pennsylvania establishing conclusively that they are not corporations, the fact of the application (whether compulsory or otherwise is of no importance) for a certificate to do business in this state and the granting of such certificate would seem to be presumptive evidence that this defendant, notwithstanding its designation in the complaint as a limited partnership, is a foreign corporation.

[4] But it seems to me that there is a broader ground upon which

this service may be upheld. The defendant made and filed its application for a certificate to do business in this state, complying with the provisions of section 16 of the General Corporation Law relating to such applications by foreign corporations, calling itself a corporation and making the designation of a person to receive service of process in compliance with such law. Whether this application was made under compulsion by the Public Service Commission, or whether the designation of the defendant as a "corporation" was or was not inadvertent, does not seem to me to be important upon the question now under consideration. The fact remains that it placed on file in the office prescribed by law for that purpose a paper by which it designated a person to receive service in the same manner as if it had been a foreign corporation. It cannot, therefore, now be heard to say that it is not such corporation, or that the designation of Caldicott to receive service was a nullity. The court should not thus allow the defendant to mislead the plaintiff to his prejudice.

[5] Even though the statutory provisions relating to service of summons upon an individual provides for the delivery of a copy to the defendant in person, such provision is plainly made for the benefit of the defendant, and I am unable to perceive any good reason why the defendant could not waive the benefit of this statutory mode of service by designating an agent or attorney to receive service for him. To hold otherwise would work a grave injustice upon the plaintiff.

The motion to set aside the service of the summons is therefore denied.