STATE *v.* RAPHAEL MOQUIN.

November Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 4, 1944.

*Martin S. Vilas* for the respondent.

*Clarke A. Gravel,* State's Attorney, for the State.

SHERBURNE, J. The respondent was tried at the March term, 1937, of Chittenden County Court upon a charge of assault with intent to commit rape, and was found not guilty by reason of insanity, whereupon the court ordered him to be confined in the Vermont State Hospital for the Insane until further order of court, pursuant to P. L. 2431, and he is now there confined. Upon his petition to the September term, 1942, of such court for a discharge from confinement, pursuant to sections 2433, 2435 to 2437 of the Public Laws, he was found to be insane and his going at large was found to be dangerous, his petition was dismissed and he was ordered recommitted, to which the respondent has excepted.

█ Of the exceptions saved below those here relied upon have to do with questions asked in the cross examination of three doctors called as witnesses by the respondent, who had each testified in direct examination that the respondent was sane and that it would not be dangerous for him to go at large. In the questions the witnesses were asked to assume certain lewd conduct upon the part of the respondent in 1937, that he then chased women on several occasions, and on one occasion attacked and attempted to rape a certain woman, and were then asked if such facts would influence or cause them to change their opinions that the respondent was sane. The witnesses were permitted to answer upon the condition that the state's attorney would supply evidence of such facts, or else the evidence given in answer to the questions would be open to a motion to strike. Two of the witnesses testified that such facts would not change their opinions, so as to them the questions were harmless. One witness admitted that if he had known such facts it would have affected his opinion as to the respondent's sanity. The exception as to this witness cannot avail the respondent as he has not produced a complete transcript of the testimony and the record before us does not show whether the basis for the admission of the evidence was supplied, or, if not supplied, whether he moved to have the answer struck out. If the basis was not supplied and there was no motion to strike, the answer stood for consideration and the exception was waived. *Scott, Admr.* v. *Bradford National Bank,* 107 Vt 226, 231, 179 A 149; *Taylor* v. *Blake,* 109 Vt 88, 90, 191 A 923.

■ The other matters briefed have to do with certain hospital records and written statements of third persons given to the hospital, referred to in the testimony of Dr. O'Neil, a witness for the State, and claimed to have been submitted by him to the trial court, but which are not set out in the transcript. By a motion attached to his brief the respondent asks to have these records and statements produced and submitted to us, and asserts that he excepted to their use. The transcript does not show that any exception was so saved by the respondent, and he claims that this is due to an error in the transcript. The record before us refers to the transcript for exceptions taken to the admission of evidence, and makes the same controlling. If, in fact, there is such an error as claimed application should have been made to the trial court to have the record corrected. We cannot correct the record here. With us the record imports absolute verity, and anything not shown by it is out of the case in this Court. *Higgins* v. *Metzger,* 101 Vt 285, 297, 143 A 394; *Legier* v. *Deveneau,* 98 Vt 188, 192, 126 A 392.

*Judgment affirmed.*

## UPON MOTION FOR REARGUMENT

SHERBURNE, J. On leave, duly obtained, counsel for the respondent has filed a motion for reargument, pending which the entry of judgment has been withheld.

The motion quotes the opinion, where it states that the three doctors called by the respondent were permitted to answer the questions asked in cross-examination upon the condition that the state's attorney would supply evidence of the facts assumed, or else the evidence given in answer to the questions would be open to a motion to strike, and in effect avers that the transcript does not support the opinion in this respect. After the court had ruled, in answer to respondent's objection that evidence of the hypothetical facts contained in the questions was not introduced at the trial of the respondent on the criminal charge, that the state's attorney might predicate the questions on evidence introduced at the trial which reasonably and logically tended to establish such facts, the portions of the transcript furnished to us show the following rulings: As to the first doctor called as a witness, "We will overrule the objection and note petitioner's exception, cautioning the State's Attorney, of course, that he must lay a proper foundation, or must

connect this matter, as previously indicated, or else the evidence which we now admit will be open to a motion to strike"; as to the second doctor, "The same ruling and exception allowed"; and as to the third doctor, "The same ruling and exception is allowed respondent." These rulings support the opinion.

The respondent insists that our holding is outside the authorities cited because the transcript does not show that the state's attorney promised that he would later on supply the basis for the admission of the evidence. Such a promise was implied and an express promise was unnecessary. The ruling afforded the respondent ample protection.

Subject to the condition about supplying a basis for the admission of the evidence one of the doctors testified that there was a possibility of the respondent's not being sane at the time of the commission of the acts mentioned in the question, but that those facts would not change his opinion as to his present sanity. The motion stresses the admission of the testimony about the possibility of his not being sane at the earlier time. It was clearly admissible to test the witness' credibility.

The respondent admits that the portion of the opinion dealing with the failure of the transcript to show that an exception was saved states our well recognized rule, and then endeavors to show that we should deviate from the rule in his case. There can be no deviation. We can add nothing to the opinion in this respect.

*Motion for reargument denied. Let full entry go down.*