ERNEST LEBLANC ET UX *v.* RUDOLPH DESLANDES ET UX.

(90 A2d 802)

February Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed May 6, 1952.

Opinion on Motion for Reargument Filed July 29, 1952.

*Emerson & Knapp* for the defendants.

*C. O. Granai* for the plaintiffs.

ADAMS, J.   This is an action of fraud and deceit based on alleged false and fraudulent representations in connection with the sale of the defendants' farm and personal property thereon to the plaintiffs. Trial was by jury at the September Term 1950 of the Orleans County Court.   Verdict and judgment was for the plaintiffs.   The case is here on exceptions of the defendants.

The bill of exceptions states that the defendants filed an answer in this cause which included the general issue and a further plea questioning the jurisdiction of the court to proceed with the trial by jury and that the grounds of the plea to the jurisdiction are fully set forth in the answer.   It then states that the court before trial overruled the defendants' plea to the jurisdiction contained in the answer and allowed the defendants an exception.   It further states that, for the purpose of apprising this court with the subject matter relating to the defendants' plea to the jurisdiction, a foreclosure petition brought by these defendants against these plaintiffs in the Orleans County Court of Chancery and the answer and cross bill thereto are made a part of the bill of exceptions.

A plea to the jurisdiction is the first plea in the regular order of common law pleading.   *Coolbeth* v. *Gove,* 108 Vt 499, 503, 189 A 858; *Howe* v. *Lisbon Savings Bank & Trust Co.,* 111 Vt 201, 216, 14 A2d 3.

The plea here upon the defendants' theory is a plea to the jurisdiction and we treat it as such.   It sets up that the Orleans County Court of Chancery had acquired full, complete and exclusive jurisdiction over the subject matter of the plaintiffs' complaint

in this action setting forth the reasons therefor. It was filed with an answer pleading the general issue. A plea to the jurisdiction is analogous to a plea in abatement; and if the defendents file any other plea like the general issue, as they did here, it is waived, as a plea of the general issue confesses jurisdiction. *Lyman* v. *Central Vermont Railroad Co.,* 59 Vt 167, 175, 10 A 346; *Roddy* v. *Fitzgerald Estate,* 113 Vt 472, 475, 35 A2d 668. That is, as said in the latter case, it constitutes such a waiver, if the infirmity is one that can be waived. Such is the case here, and the plea, for that reason, if for no other, was properly overruled.

■ The plea is also bad for the reason that it was signed on behalf of the defendants by their attorney. A plea to the jurisdiction must be signed by a defendant *in person.* An attorney is supposed to have signed by *leave* of the court. This is a tacit *admission* of the jurisdiction. *Kenney & Downer* v. *Howard,* 67 Vt 375, 380, 31 A 850; 1 CJS 244, note 64.

Moreover, the plaintiffs in the chancery case referred to in the bill of exceptions, the defendants here, pleaded to the cross bill of these plaintiffs as defendants in that action. There they objected to the cross bill being filed and considered in that cause on the ground that these plaintiffs had elected to proceed at law for the same fraud set up in the cross bill by reason of previously bringing a suit at law therefor that had been discontinued and that if allowed to proceed by their cross bill these defendants as plaintiffs in the chancery action would be deprived of their constitutional right to trial by jury of that issue. Then, as we have seen, when these plaintiffs later proceeded at law in this action and, for aught that appears, before the court of chancery had taken any action on the cross bill or disposed of these defendants' plea thereto, they here plead that the court of chancery had, by reason of the cross bill obtained exclusive jurisdiction and objected to a trial by jury of the same issue that they there claimed should be tried by jury, and to which they were entitled as a matter of constitutional right. This statement shows the inconsistency of the defendants' position. The exception to the overruling of the plea is not sustained.

We make no comment about the dilatory plea to the jurisdiction having been filed out of time, nor about the question of jurisdiction being raised by a plea in the law action, nor about the record being silent as to a ruling of the court on the plea and the only mention

thereof and of any exception thereto being in the bill of exceptions, as none of these matters were mentioned in the briefs or relied upon in any way.

The negotiations between the parties for the sale and purchase of the property took place on October 1 and 2, 1948. The deed was dated November 24 and the plaintiffs took possession of the farm, stock, tools and produce on December 22. The purchase price was $40,000.00, of which a purchase price mortgage and note were given for $23,000.00 and the balance was paid in cash or its equivalent. Among other things, the alleged false representations consisted in statements as to the amount of tillage land, the supply of water, the amount of hay the farm would cut, the amount of stock that could be kept with hay left to sell each year, the condition of the dairy as to being free from disease, the amount the defendants had received for milk, the amount of timber and wood, the condition of the sugar bush and number of buckets that could be hung, the condition of some of the tools, the number of sap buckets and condition of the buildings.

One of the questions for the jury to determine was whether or not the cows or some of them had mastitis at the time of the sale and the defendants' knowledge thereof. The plaintiffs claimed that they introduced evidence tending to show that fact through the testimony of a veterinarian who saw the cows on March 22, 1949, and at various times subsequent thereto and that he found some of them had mastitis and treated them for it; also by the introduction of certain exhibits found on the premises after the plaintiffs took possession and which the veterinarian testified were commonly used in the treatment of mastitis and by the testimony of one of the plaintiffs, Ernest Leblanc, as to some of the cows being sick, some giving bad milk and one having a part of an udder very swollen when possession was taken. Much of this testimony was subject to objection, exception and motions. It is not necessary to pass upon these at this time. Upon a retrial they are not likely to occur in the same form again.

However, it may not be amiss to make some general observations. A cardinal principle is that the condition of the cows, the presence of mastitis and the defendants' knowledge thereof cannot be left to speculation and conjecture. *Cano* v. *Ladd,* 115 Vt 53, 54, 50 A2d 425. There was no testimony of the condition of the

cows when the plaintiffs took possession except the above noted general condition which would be of little help, if any, standing alone as showing the presence of mastitis at that time. There was no testimony from the veterinarian or otherwise that the condition of the cows as to mastitis which he found on March 22 could be dated back even to the time the plaintiffs took possession. The veterinarian had testified that the development of the disease depended a great deal upon the way a cow was fed and upon the milking process, the latter particularly as to its spreading from cow to cow. There was no testimony in the case as to this care and feeding. Manifestly, in view of the testimony of the veterinarian, testimony as to such care and milking would be very necessary in connecting up and explaining the presence of mastitis when the veterinarian saw them with it at the time the plaintiffs took possession or the time the representations were made. If any of the cows had mastitis when the plaintiffs took possession with knowledge thereof by the plaintiffs the spread of the disease might well have been due to the plaintiffs' conduct in care and milking. Certainly it would be material on the question of damages also.

These matters will presumably be more carefully developed at another trial and the evidence thus vary from that presented in the case now so that with proper offers the question of admissibility of the exhibits and the testimony of the veterinarian will not be presented in the same form as now.

■ At the close of the testimony of the veterinarian, the defendant made a motion to have his entire testimony struck out. It is sufficient to say here, that the motion could not have been granted if any part of the testimony was admissible. *White's Admx.* v. *Central Vermont Railway Company,* 87 Vt 330, 344, 89 A 618.

■ Over the objection and exception of the defendants, the plaintiffs introduced 46 statements from the creamery. They were offered as showing what the plaintiffs had received for milk since they took possession, no further purpose being indicated. Without evidence, which has not been called to our attention and of which we find none, as to the manner in which the plaintiffs carried on the farm, took care of and fed the cows and their condition as to producing milk, the diminution, if any, in the amount received for milk might well have been caused by the plaintiffs' own conduct instead of any alleged misrepresentations made by the defendants

as to the productivity of the farm or the condition of the cows. It is common knowledge that there are many factors in farming that enter into the productivity of a dairy that are entirely within the control of the farmer. The burden was on the plaintiffs to show by some legitimate evidence the connection between the lessened receipts from the dairy, if any, and the alleged misrepresentations of the defendants. The exception is sustained.

A witness for the plaintiffs who had seen the dairy at the time of the trial but had seen it at no time previous thereto was asked to give his opinion as to its value in November 1948 which was two years previous to the time he had seen it. The court realized that the condition of the animals at both times was a material factor for he asked the assurance from the attorney for the plaintiffs that he would connect up that the cattle were in the same condition. Upon receiving that assurance the court stated,—"We will take this evidence with the understanding that you properly connect it up." The attorney for the defendants then stated,— "May I have an exception to its admission right now?" The court said, "Yes,—he is a witness from away and we will let it be answered now." The witness then gave his opinion of the value of the cattle in 1948. The defendants claim that the connection so promised was not made. It is apparent from the above quoted portions of the transcript that the objection went to the order of proof and the court so understood it. It is distinguishable from the situation in the case of *Catto* v. *Liberty Granite Company,* 101 Vt 143, 145, 141 A 684. That being so, as there was no motion made here to have the testimony struck out, the exception was waived. *State* v. *Moquin,* 113 Vt 414, 415, 35 A2d 656, and cases cited.

A witness for plaintiff was allowed, subject to objection and exception, to give his opinion of the value of the bare farm with the machinery as of November 1948. The question of the competency of a witness to testify as to value was recently before this Court in the case of *Teitle* v. *The London & Lancashire Insurance Company, Ltd.,* 116 Vt 228, 73 A2d 300 ; there we said, at page 230, omitting citations, "Any person who knows the property and has an opinion of·its value may give that opinion in evidence for what it is worth. It is enough if the witness is shown to have some peculiar means of forming an intelligent judgment as to the value,

beyond that possessed by men in general. It is enough to say that the law does not attempt to define the amount of knowledge a person must possess to make him a competent witness of value, except he must have sufficient acquaintance with the subject matter to enable him to form some estimate of its value."

Before the witness was asked for his opinion, he testified that he was requested to look over the farm which he did on Monday night of the week of the trial; that he just saw the mowings and buildings, also the large tools; that he was not shown the boundaries or how far they went; that he did not see the woodland or go into the pasture or sugar lot; that he didn't see the sap buckets and they wouldn't have any value. The amount of timber and wood on the farm, the number of sap buckets, the condition of the sugar bush and how many buckets could be hung were all part of the subject matter as well as the size and acreage of the farm and a knowledge of these factors was vital on the value as alleged false representations in regard to them were part of the plaintiffs' case. The witness clearly did not have this knowledge; in fact, he had none.

■ The competency of the witness was a preliminary question for the trial court; and its decision is conclusive unless it appears from the evidence to have been erroneous, or was founded on an error of law. *Purington* v. *Newton,* 114 Vt 490, 493, 49 A2d 98, and cases cited. From the evidence the ruling was erroneous. This is particularly so, as the witness was giving his opinion of the value as of two years prior to the time when he had seen only part of the property and it was based on his examination of only that part.

The same witness was asked and allowed to answer a hypothetical question as to value over an objection and exception. It is not likely to occur in that form at another trial so we give it no consideration. A few other exceptions have been briefed relating to the admission and exclusion of evidence. We have examined them and it is sufficient to say no harmful error appears and it is not likely the questions raised will arise in another trial.

■ The defendants made 29 requests to charge. Their exception is, "Defendants take exception to the court's failure to charge the jury in accordance with our requests No. 6, No. 7, No. 15, No. 16, No. 19 and No. 20, No. 21, No. 22 and No. 24." This exception is too general to be availing. *McAllister* v. *Benjamin,* 96 Vt

475, 491, 121 A 263; *Johnson* v. *Moore,* 109 Vt 282, 287-288, 196 A 246.

As the judgment must be reversed and the cause remanded for the errors heretofore mentioned, it is not necessary to consider the defendants' exceptions to the verdict, to the failure of the court to set aside the verdict and to the judgment.

*Judgment reversed and cause remanded.*

## ON MOTION FOR REARGUMENT

ADAMS, J. The plaintiffs' motion for reargument is based upon three grounds. We again call attention to the purpose of such a motion. Briefly stated, it is to point out to the Court wherein it is claimed that it has misapprehended or overlooked some point, whether of law or fact, which was presented in the brief upon argument of the case. New questions are not for consideration; nor are those which have been argued and decided upon due consideration of the pertinent law and facts, appearing and pointed out in the record. *Ryan* v. *Orient Ins. Co.,* 96 Vt 292, 305, 119 A 425; *Goodwin* v. *Gaston,* 103 Vt 357, 367-368, 154 A 772; *Nelson* v. *Travelers Ins. Co.,* 113 Vt 86, 103, 30 A2d 75; *Horicon* v. *Langlois,* 115 Vt 81, 88, 52 A2d 888.

The first ground of the motion is that, "The court was in error when it made the following findings; 1. 'However, it may not be amiss to make some general observations. A cardinal principle is that the condition of the cows, the presence of mastitis and the defendants' knowledge thereof cannot be left to speculation and conjecture. *Cano* v. *Ladd,* 115 Vt 53, 54, 50 A2d 425.'" This was not a finding on the evidence in the instant case. It was but a statement of law and an examination of the opinion shows that we made no ruling based thereon. We declined to rule upon some exceptions pertaining to the admissibility of certain testimony and exhibits which the plaintiffs claimed tended to show that at the time of the sale some of the cows had mastitis and that the defendants had knowledge of it. We said that upon a retrial the questions were not likely to occur in the same form again. The statement objected to as error was then made out of, perhaps, an abundance of caution. We then called attention to the lack of certain evidence and then stated that these matters would presumably be more carefully de-

veloped at another trial. All this was for such consideration, if any, as the plaintiffs desired to give it at a retrial. None of it was necessary, but we prefer, however, to leave it in the opinion. If it is of no benefit to the plaintiffs, they can disregard it.

The second ground of the motion is that it was error to include in the opinion a statement taken from the transcript made by the plaintiffs' attorney when the value of the cows at the time of the trial was under consideration. We have deleted the sentence from the opinion. It does not change the result. The statement was used in the paragraph dealing with the admissibility of the creamery statements. As pointed out in the opinion, the plaintiffs did not call our attention to certain evidence bearing upon their admissibility, nor did we find any bearing upon the question. Nothing has now been called to our attention, that we overlooked in that connection.

The third ground of the motion is that this Court was in error in its finding that the trial court should not have allowed a witness to give his opinion of the value of the farm and machinery as of two years prior to the time when he had seen only part of it, his opinion being based upon his examination of only that part. The reason for our holding is fully stated in the opinion. It appears there that he had seen only part of the property. The plaintiffs do not deny this but say that the witness had testified in answer to a hypothetical question as to the value of the farm if it had been as represented so he was qualified to state his opinion as to its real value. The transcript shows that the testimony in reply to the hypothetical question occurred after the witness had given his opinion as to real value, not before, as now claimed. Furthermore, the witness might have been qualified to answer the hypothetical question but his testimony as to actual value was not in reply to such a question. That opinion was based, not upon assumed facts, but, upon his own examination of the property and then of only a part of it. There is no doubt about this, for the witness, after he had testified that he had seen only a part of the farm; the mowings and buildings; and was then asked for his opinion of the value of the whole farm as of two years prior to the time he had seen it, before he gave his opinion, stated, "I am taking that farm as I saw it the other night."

The plaintiffs now say that this evidence from the witness was

harmless for the jury had other evidence of the value at the time of the sale; their native intelligence and knowledge of farm values; tax rates; and plaintiffs' testimony as to the condition of the farm, price paid and taxes paid on all the property. This question was not presented or briefed before. As we have seen, a rehearing is not to be granted for the purpose of affording an opportunity to present new questions. However, the witness was the one relied upon by the plaintiffs for an opinion of the value of the farm and machinery both at the time of the sale and as it was claimed to have been represented. He was a real estate dealer requested by the plaintiffs' attorney to look over the property, which he did on the Monday of the week of the trial. Evidently, it was thought his testimony would have some weight with the jury. It was not cumulative and we think under the circumstances here was prejudicial.

The plaintiffs use a considerable part of their motion and brief in discussing the proposition that a hypothetical question as to value was proper and that the witness was qualified to answer it. The opinion shows that we gave that question no consideration as it was not likely to occur in the same form again.

We have examined and given careful consideration to all questions passed upon in the original opinion and see no reason to alter the result.

*Motion for reargument denied. Let full entry go down.*