**James F. Hanley v. United Steel Workers of America**

[122 A2d 872]

January Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams and Hulburd, JJ., and Holden, Supr. J.**

Opinion Filed May 1, 1956.

188

*Joseph M. O' Neill* for the defendant.

*Lawrence & O'Brien* for the plaintiff.

**Adams, J.** This is an action of contract. The defendant entered a special appearance and filed a motion to dismiss the cause. The motion was denied. The case is here before final judgment on exceptions allowed the defendant to this action of the trial court.

The grounds of the motion to dismiss are in substance: [1] That it appears by the officer's return on the writ that service was made on the defendant by service on three persons alleged to be members of the defendant unincorporated association, pursuant to the provisions of V. S. 47, §1565, as though the defendant was a domestic unincorporated association. [2] That, on the contrary, the defendant is a foreign unincorporated association consisting of more than five members and having a president, vice-president and secretary-trearsurer with its office and principal place of business in the City of Pittsburgh, County of Allegheny, State of Pennsylvania. [3] The defendant further says that the writ was not served on

the defendant, an unincorporated association, at any other time or in any other manner nor did the defendant through any of its officers, agents or members accept service of the writ. [4] The defendant not being a domestic unincorporated association, the provisions of §1565 of V. S. 47 are not applicable to it in obtaining service of process, "all of which the defendant is ready to verify." [5] The provisions of §1565 are not available to the plaintiff for obtaining service upon the defendant, a foreign unincorporated association, his remedy being under the provisions of sections 6115 and 6116, provided the same be applicable as a matter of law. The motion ends with a prayer for judgment that for lack of legal service the "defendant may be dismissed and discharged from the premises in said cause and for its just costs."

The bill of exceptions states, in substance, that service was made on the defendant pursuant to the provisions of V. S. 47, §1565, that the defendant through its attorney filed its motion to dismiss and prayed that the writ be dismissed for lack of legal service on the defendant, that upon hearing the motion was denied and exceptions allowed the defendant and that the files, pleadings and docket entries are referred to and made a part hereof and shall be controlling.

The court made no findings of fact and counsel for the defendant stated in oral argument in this Court that the matter was heard on the pleadings and no findings were requested.

The defendant in his brief treats the case as before the trial court on a motion to dismiss and it is apparent from the foregoing that the court so treated it. We, therefore, so treat it here. The plaintiff in his brief in reply to the brief of the defendant says that the statute in question in regard to service of the writ is section 1565. The counsel for the defendant in oral argument stated that there is no question but that service was proper if made on a domestic unincorporated association.

Section 1565 reads as follows:

1565. Service of process. A partnership or an unincorporated association or joint stock company may

sue and be sued in its firm, associate or company name and service of process against such partnership, association or company made upon either the president, other principal officer, clerk, treasurer or any member thereof, shall have the same force and effect as regards the joint rights, property and effects of the partnership, association or company as if served upon all the partners, associates or shareholders.

■ The inquiry under a motion to dismiss relates only to what appears of record and does not reach defects that require extrinsic proof to establish. *In Re Everett's Estate*, 112 Vt 252, 254, 23 A2d 202, and many cases cited therein; *Holden & Martin* v. *Stuart*, 118 Vt 286, 289, 108 A2d 387.

■ Defects in the issuance and service of process which are not apparent of record cannot be taken advantage of by a motion to dismiss or abate, but only by a plea upon which an issue can be formed. *Stevens* v. *Bowker*, 93 Vt 480, 482, 108 A 347, and cases cited.

■ The officer's return is not a part of the record in a technical sense but it is a part of the papers on file which constitute the proceedings in the cause and it may be referred to in connection with a motion to dismiss. *Bent* v. *Bent*, 43 Vt 42, 44; *Chapman* v. *Chapman*, 118 Vt 120, 125, 100 A2d 584.

From an inspection of the writ and the officer's return thereon in the instant case, it appears: The writ describes and sets forth the defendant as an unincorporated association consisting of more than five members, doing business at the City of Rutland, County of Rutland and State of Vermont. The return of the officer who served the writ sets forth that he served it at the City of Rutland in the County of Rutland on the defendant by delivering to each of three members of the defendant, naming each, a true and attested copy of the writ with his return thereon endorsed.

■ To find the facts otherwise, it would be necessary that testimony aliunde be received, and this would be improper on a motion to dismiss, even though it could be received, under other modes of pleading. *Connecticut & Passumpsic Rivers R. R. Co.* v. *Bailey*, 24 Vt 465, 472.

The defendant urges that we should take judicial notice of the facts found in the case of *Hanley* v. *United Steel Workers of America*, 118 Vt 378, 110 A2d 728, claiming that case was between the same parties as the instant case. The parties are not the same. In the former case, the defendant was described as a foreign corporation and the plea was that it was not. The suit was dismissed on a finding by the trial court that it was unable to find that it was a corporation and that it was an unincorporated association having an office in Pittsburgh, Pennsylvania. In the instant case the defendant is described as an unincorporated association doing business in the City of Rutland.

■■ Although the defendant in the case in 118 Vt supra and the defendant in the instant case have the same name they are distinct and different entities. An association is ordinarily not a legal entity distinct from its component individuals, whereas a corporation is always and necessarily a distinct and separate legal entity. 7 CJS Associations §1, 21, note 21. Where in a suit against an organization which is in fact a voluntary association, it is alleged to be a corporation and none of its members are parties, a decree of dismissal for want of proof of corporate existence does not estop the plaintiff from instituting a new suit and bringing in all members of the association or as many as he can. 50 CJS Judgments, §790, p. 329, note 15.

The defendant relies upon the case of *Lariviere* v. *Larocque*, 105 Vt 460, 462, 168 A 559, 91 ALR 1514, wherein this Court took notice of facts found in the divorce case of *Lariviere* v. *Lariviere*, 102 Vt 278, 147 A 700. It does not help the defendant here. There the parties were the same, although the defendant in the case in 105 Vt had a different name, the reason being that subsequent to the former proceedings she had remarried. Without going into details, it is sufficient to say that the other cases relied upon by the defendant are also distinguishable from the instant case.

■ If we assume, however, that we could take notice of the findings in the former case in 118 Vt 378, 110 A2d 728, it does not help the defendant. It refers to findings 5 and 6 in that

case, quoting them in its brief. All that the trial court there found was that The United Steel Workers of America is an unincorporated association having an office in Pittsburgh, Pa. and that the court was unable to find that it was a corporation organized and existing according to the laws of any state. The defendant now asks us to draw an inference from those findings that the defendant is a foreign unincorporated association. This as against the record in the instant case that the defendant is an unincorporated association doing business in the City of Rutland and this for the purpose of reversing a ruling of the trial court. For the purpose of a reversal, we will not supply facts not shown by the record or read into findings of fact something that is not there and which is not a necessary inference from the facts found. *McGann* v. *Capital Savings Bank & Trust Co.*, 117 Vt 179, 183, 89 A2d 123; *Smead* v. *Sutherland*, 118 Vt 361, 368, 111 A2d 335.

The motion to dismiss in the instant case is, therefore, without foundation of fact as appears from the record and its denial was proper.

■ The record does not show that the trial court gave any grounds for its decision. Error must be made to appear. We affirm the ruling on any legal ground shown by the record, whether briefed or not. *State* v. *Page*, 112 Vt 326, 329, 24 A2d 346, and cases cited; *Butler* v. *Milton Cooperative Dairy Corp.*, 112 Vt 517, 518, 28 A2d 395; *Horicon* v. *Langlois*, 115 Vt 81, 88, 52 A2d 888, and cases cited.

■ The defendant maintains that section 1565 is unconstitutional when applied to service of process on a foreign unincorporated association as being in violation of the 14th amendment to the Federal Constitution. That presupposes and assumes that the record here shows that the defendant is such an association. We have seen and held that it does not so show. Furthermore, the point was not made below so it is not for consideration here. *Sears* v. *Laberge*, 116 Vt 168, 172, 71 A2d 687; *Robillard* v. *Tillotson*, 118 Vt 294, 302, 108 A2d 524, and cases cited. The same rule ordinarily applies, with certain exceptions not material here, in regard to the necessity of first presenting constitutional questions to the trial court. *Zabarsky*

v. *Employer's Fire Ins. Co.*, 97 Vt 377, 381, 123 A 520; 4 CJS Appeal & Error §234; 3 Am Jur Appeal & Error §293. Also, it is a well established rule that courts will not pass upon constitutional questions unless it is necessary to a final determination of the case. *State* v. *Hall*, 96 Vt 379, 382, 119 A 884; *Parker* v. *Anderson*, 112 Vt 371, 376, 25 A2d 41; *Chase* v. *Billings*, 106 Vt 149, 155, 170 A 903.

*The order overruling the motion to dismiss is affirmed and the cause is remanded.*