## Earl Peck v. Charles Patterson

(125 A2d 813)

November Term, 1955.

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed October 2, 1956.

*Wayne C. Bosworth* for the plaintiff.

*Hanford G. Davis* for the defendant.

■ **Cleary, J.** This is an action of tort to recover for the alleged conversion of an International Automobile Truck. Trial was by court and judgment was rendered on the findings of fact for the defendant. The case is here on plaintiff's exception to the judgment so the only question presented is whether the judgment is supported by the facts found. *Potter* v. *Clarendon*, 118 Vt 278, 279, 108 A2d 394, and cases cited; *Andrews* v. *Newton*, 118 Vt 290, 291, 108 A2d 517; *Hanley* v. *United Steel Workers of America*, 118 Vt 378, 379, 110 A2d 728.

The findings show the following facts. On December 28, 1953, at an execution sale, the International truck, which had been levied on as the property of the defendant, was sold to the plaintiff for $300.00; on the same day, after the sale, the plaintiff and the deputy sheriff, J. C. Thomas, who conducted

the execution sale, went to the farm of the defendant where the truck was located and the deputy sheriff stated in the presence and hearing of the defendant, that he had sold the truck to the plaintiff.

"18. That the plaintiff got into said truck and sat behind the steering wheel. That the defendant thereupon came to said truck and took the keys from out of the ignition and at the same time requested the plaintiff to step into the house because he, the defendant, wanted to show him something. A further remark was made by the defendant to the plaintiff that 'You had better watch your step or you'll get your fingers burned.'

19. That the plaintiff accompanied the defendant into the Patterson house after the defendant had taken the keys. That entering said house the defendant handed the ignition keys to said truck to the said Lauretta Patterson and then showed the plaintiff papers from the Vermont Motor Vehicle Department which had to do with the registration of the truck.

20. That upon looking at the papers shown him in reference to the registration of said truck by the defendant the plaintiff remarked 'This is out of my jurisdiction', and soon after left the house and the premises in the automobile of said J. C. Thomas.

21. That the plaintiff never requested or demanded that the defendant return said ignition keys to him.

22. That the plaintiff has never returned to the defendant's residence and never requested nor demanded that said truck be delivered to him or that he be permitted to take it.

23. That the plaintiff has never had possession of said truck other than to have sat behind the wheel thereof at the time when the defendant removed the keys from the ignition switch and invited him into the house." For the years 1950, 1951, 1952, 1953, and 1954 the truck was registered in the name of Lauretta Patterson.

The facts relied upon by the plaintiff in his brief and in oral argument to show conversion of the truck are in the paragraph numbered 18.

In *Manley Bros.* v. *B. & M. R. R.*, 90 Vt 218, 221, 97 A 674,

675, this Court said, "A conversion consists in appropriating another's property to one's own use, or its destruction, or in exercising dominion over it in exclusion or defiance of that other's rights, or in withholding the possession from him under a claim inconsistent with his rights." In *Cone* v. *Drohat*, 117 Vt 101, 102, 85 A2d 498, 499, the Court said, "Conversion when applied to the law of trover, imports the doing of a positive unlawful act."

The findings fail to show that the plaintiff ever had possession of the keys which were in the ignition. All the defendant did was to take the keys from the ignition, warn the plaintiff, and request him to step into the house because he, the defendant, wanted to show him something. The plaintiff accompanied the defendant into the house, the defendant handed the ignition keys to his daughter Lauretta Patterson and then showed the plaintiff papers from the Vermont Motor Vehicle Department having to do with the registration of the truck. Upon looking at the papers the plaintiff remarked "This is out of my jurisdiction" and left the house. He never requested or demanded that the truck or the ignition keys be delivered to him. Upon the facts found and those relied upon by the plaintiff we cannot hold that the defendant did such a positive unlawful act as to amount to a conversion of the truck. The defendant's act was equivocal.

The burden was on the plaintiff to prove a conversion and we conclude the trial court was not convinced that the plaintiff had sustained this burden. Otherwise, the court would not have made findings numbered 21 and 22 because there is no necessity of a demand and refusal, when a conversion is otherwise established. *Loverin* v. *Wedge*, 102 Vt 138, 143, 146 A 248; *Vermont Acceptance Corp.* v. *Wiltshire*, 103 Vt 219, 228, 153 A 199, 73 ALR 792; *Coburn* v. *Drown*, 114 Vt 158, 162, 40 A2d 528.

We will affirm a ruling of the trial court upon any legal ground shown by the record, even though the ground may not have been raised below and may not be briefed. *Kendall* v. *Borofsky*, 118 Vt 352, 359, 111 A2d 251.

*Judgment affirmed.*

Note. When this case was argued at the November Term, 1955 it was assigned to Mr. Justice Chase. At the May Term, 1956 it was reassigned to Mr. Justice Cleary.