# Green Mountain Junior College v. Edward H. Levine Et Als

[139 A2d 822]

January Term, 1958.

Opinion Filed March 5, 1958.

*William C. Sennett* for the defendants.

*J. Malcolm Williams* for the plaintiff.

**Cleary, J.** This is a contract action brought to recover on a promissory note, which was pleaded in its entirety, in the special declaration. The note states that it was dated, payable, signed by each of the defendants as makers and accepted by the plaintiff at Poultney, Vermont. A part of the note reads as

follows: "I hereby appoint the Secretary of State, State of Vermont, at Montpelier, Vt., as my Process Agent to receive and accept on my behalf service of process against me/us in connection with any matter pertinent to, or connected with this agreement."

The defendants are non-resident, and, according to the writ, are of Brooklyn, New York. Service of process, as appears by the officer's return endorsed on the writ, was made as follows:

"State of Vermont ⎞ At Montpelier, in said County,
Washington County, S. S. ⎠ this fourth day of March, A. D. 1957.

I served this writ by delivering to and leaving with Howard E. Armstrong, Secretary of State, State of Vermont, as Process Agent for each of the within named defendants, Edward H. Levine, Sally S. Levine and Ruth E. Levine, a true and attested copy of this original writ with my return hereon, thereon endorsed for each of said defendants; and I also attached as the property of each of the within named Defendants, one chip; and in addition I paid to said Secretary of State the sum of $2.00 to cover the costs of notifying each of said defendants of such service by United States mail, registered, postage prepaid, at 1058 E. 19th Street, Brooklyn 30, N. Y.

Attest, (s) John M. Holland
Sheriff"

Counsel for the defendants filed a "Special Appearance and Motion to Dismiss." This stated that the defendants by their attorney appeared specially and solely for the purpose of objecting to the jurisdiction of the court and by reason thereof moved to dismiss the action. It recited three grounds: "1. As appears from the plaintiff's writ and the return thereon, there is no showing that any of the defendants, either expressly or by implication of law, did appoint the Secretary of State of Vermont State as their process agent in Vermont State.

2. As appears from said writ, there is no showing that the Secretary of State of Vermont State was, in fact, granted authority by any of the defendants herein to act as their process agent in Vermont State.

3. That the service on the Secretary of State, as alleged process agent for each of the defendants, was absolutely null and void and of no force or effect whatsoever."

This motion was not signed by the defendants personally but by their attorney. Hearing was had on the motion by the county court and the motion to dismiss overruled on the ground that the court treated the motion as a jurisdictional plea, and, since it was not personally endorsed by each of the defendants, each defendant had consequently submitted himself or herself to the jurisdiction of the court. The case is here before final judgment on the defendants' exception to the court's ruling.

■ ■ A motion to dismiss challenges only what appears of record. This includes a reference to the officer's return where pertinent. *Chapman* v. *Chapman*, 118 Vt 120, 125, 100 A2d 584; *Hanley* v. *United Steel Workers of America*, 119 Vt. 187, 190, 122 A2d 872. Our inquiry, therefore, is whether the record discloses that the county court had jurisdiction of the defendants so that it might render judgment *in personam* against them. If the court had such jurisdiction the denial of the motion to dismiss will be affirmed on any ground shown by the record. *Mason* v. *Chase*, 119 Vt 283, 285, 126 A2d 89; *Peck* v. *Patterson*, 119 Vt 280, 282, 125 A2d 813; and even though the reason given by the lower court may have been wrong. *Fairbanks* v. *Stowe*, 83 Vt 155, 160, 74 A 1006; *Londonderry* v. *Fryor*, 84 Vt 294, 298, 79 A 46; *In re Peck's Estate*, 87 Vt 194, 208, 88 A 568; *In re Estate of Martin*, 92 Vt 362, 365, 104 A 100.

■ Personal service is the primary method of obtaining jurisdiction of the person of a defendant. This means the actual delivery of the process to the person to whom it is directed or to someone authorized to receive it in his behalf. 42 Am Jur, Process, §48, page 40, §50, page 41; *Wilson* v. *Trenton*, 53 NJL 645, 23 A 278, 16 LRA 200, 202; *Carmack* v.

*Panama Coca Cola Bottling Co.*, 192 F2d 382, 30 ALR2d 281, 285; *State ex rel Ledin* v. *Davison*, 216 Wis 216, 256 NW 718, 96 ALR 589, 593.

■ Personal service may be waived by consent, or agreement, or by designating an agent to receive service of process. 42 Am Jur, Process, §51, page 42; 50 CJ 597, notes 70 and 81; 72 CJS, Process §26, p. 1027, note 14; 72 CJS, Process, §113, p. 1168, note 69; p. 1169, note 89; *Gilbert* v. *Burnstine*, 255 NY 348, 174 NE 706, 73 ALR 1453, 1458-1459; *Wolski* v. *Booth & Flinn*, 93 Misc. 651, 157 NYS 294, 297; *Peterson* v. *Kansas City*, 324 Mo 454, 458, 23 SW2d 1045; *Wilson* v. *Trenton, supra*; *State ex rel Ledin* v. *Davison, supra*. And if such waiver occurs there is no violation of due process. *Pennoyer* v. *Neff*, 95 US 714, 735, 24 L Ed 565, 573; *Grover & Baker Serving Machine Co.* v. *Radcliffe*, 137 US 287, 298, 11 S Ct 92, 34 L Ed 670, 673; *Wilson* v. *Seligman*, 144 US 41, 44, 12 S Ct 541, 36 L Ed 338, 340; *Conley* v. *Mathieson Alkali Works*, 190 US 406, 411, 23 S Ct 728, 47 L Ed 1113.

We endorse and quote with approval what is said in the case of *Gilbert* v. *Burnstine, supra;*

"Contracts made by mature men who are not wards of the court should, in the absence of potent objection, be enforced. Pretexts to evade them should not be sought. Few arguments can exist based on reason or justice or common morality which can be invoked for the interference with the compulsory performance of agreements which have been freely made. Courts should endeavor to keep the law at a grade at least as high as the standards of ordinary ethics. Unless individuals run foul of constitutions, statutes, decisions or the rules of public morality, why should they not be allowed to contract as they please? Our government is not so paternalistic as to prevent them. Unless their stipulations have a tendency to entangle national or state affairs, their contracts in advance to submit to the process of foreign tribunals partake of their strictly private business. Our courts are not interested except to the extent of preserving the right to prevent repudiation.

In many instances problems not dissimilar from the one presented by this case have been solved. Vigor has been infused into process otherwise impotent. Consent is the factor which imparts power. Text writers have discussed the subject and have concluded from the authorities that nonresident parties may in advance agree to submit to foreign jurisdiction. Beale, The Jurisdiction of Courts over Foreigners, 26 Harvard Law Review, 193; Freeman on Judgments (5th ed.) p. 3053; Goodrich, Conflict of Law, p. 141; Scott, Fundamentals of Procedure, pp. 39-41."

In *Pennoyer* v. *Neff, supra,* the Supreme Court quoted with approval this language from *Vallee* v. *Dumerge,* 4 Exch. 290: "It is not contrary to natural justice that a man who has agreed to receive a particular mode of notification of legal proceedings should be bound by a judgment in which that particular mode of notification has been followed, even though he may not have actual notice of them."

In the case at bar the record shows that the defendants expressly appointed the Secretary of State of Vermont at Montpelier, Vt. as their process agent to receive and accept on their behalf the service of process against them. This was part of the agreement signed by them. The return of service on the writ shows that service of the process was made as authorized by the defendants. Therefore the court had jurisdiction of them and denial of their motion to dismiss was proper.

The defendants argue they could not, as a matter of law, appoint the Secretary of State as their process agent without the capacity of the Secretary of State to accept the appointment, and the record does not show such capacity; that the powers and duties of the Secretary of State are defined by statute and do not include the power to accept appointment as process agent in these premises. The question raised is immaterial and the argument is beside the point. The capacity of the Secretary of State to accept the appointment and the danger that he might not forward notice to the defendants were risks which they took in appointing him. Restatement,

Agency, §21. They have failed to point out any authority which supports their position.

We know of nothing that prohibits what was done. The law that applies is stated as follows in Restatement, Judgments, §18 (c): "A person may agree that if an action is brought against him the court shall have jurisdiction over him, even though he is not served with process in the action. Thus, in a contract made between the plaintiff and the defendant it may be provided that in any action brought upon the contract in a particular State service of process may be made upon the defendant in a manner provided for by the terms of the contract, as, for example by mail or by service outside the State in which the action is brought. In such case if service is made in the manner agreed upon, it is sufficient to subject the defendant to the jurisdiction of the court."

*The order of the county court overruling the motion to dismiss is affirmed and the cause remanded.*

**Hulburd, J.** I dissent. Ever since the decision of *Pennoyer* v. *Neff* (1877) 95 US 714, 24 L Ed 565, (its Vermont counterpart being *Price* v. *Hickok*, 39 Vt 292) there has been a succession of attempts to find ways in which jurisdiction might be had over non-resident defendants. These efforts have largely been statutory in form. Here, however, the plaintiff is seeking the same end without benefit of statute. By embedding in the body of a long promissory note, a statement that the maker appoints the Secretary of State, State of Vermont, at Montpelier, Vermont, as his process agent, the plaintiff has undertaken to dispose of a good part of the problem once and for all. This is at once both ingenious and ingenuous.

Apparently, to the majority of the Court, this case presents no difficulty at all. Here, they say, the defendants have consented to the jurisdiction of the Vermont courts and have designated an agent to receive process to that end. Nothing more is needed.

I do not find it as easy as that. If we look at the facts for what they are, we soon discover that here is neither fish nor fowl nor good red herring. We have here no simple and definite appointment of a process agent. No individual is named; only

an officer is specified. This instantly gives rise to the thought that he was intended to act in his official capacity; moreover this idea is not lacking in confirmation as we shall see shortly. In any event the question remains, what is the source of the Secretary's obligation to act? From the law? There is no statute which puts upon the Secretary of State any duty to act in such circumstances as these. True, in other connections the Secretary of State has been authorized to do this sort of thing. That he was expected to do so here may be seen in the fact that when the copy of process was left with him, the plaintiff's officer also put down a fee of $2.00 as if in accord with some statutory requirement. Such a procedure betrays the real nature of what we are dealing with. Lacking a definite appointment of a process agent, the plaintiff seeks to find support by adopting procedures employed under inapplicable but analogous statutes. In short, all that we have here is simulated service on a simulated process agent under a simulated statute. The plaintiff, in effect, has attempted to make service under a statute which isn't there. I have labored long to make clear to my associates, what seems clear to me, namely, the effect of the so-called appointment of the Secretary of State as process agent.

If I may be permitted this figure of speech, what we have here, in effect, is a sort of "blind-date"—or an attempt at it—in which the parties never got together. The Secretary of State and the defendants are strangers to one another. Here was no basis upon which the plaintiff could presume to avail of the services of the Secretary. As I see it, a duty to act as process agent could only arise in one of two ways: by force of statute, or out of a principal-agent relationship in which this duty springs from an authority with which the agent has been specifically clothed. 42 Am Jur, Par. 51 at page 43. The payment of a fee in connection with the service to the Secretary of State rules out the latter theory. The plaintiff manifestly assumed an obligation on the Secretary of State's part, in his official capacity, which could only arise from statute. It should be clear that a private citizen can not impose a duty on a public official which is not put on the latter by law. When the plaintiff attempted service on the Secretary of State, no

provision had been established by law, or by rule of court pursuant to law under which that official could act. Under such circumstances, he might properly disregard the copies which had been left with him, and so far as this case is concerned, we should assume that he did, for the test to be used in determining whether service is sufficient is whether it is such as would justify the Court in entering a default judgment as it stands. 72 CJS, Process, §25 at p. 1022; 50 CJ, p. 467, note 88 with cases cited.

The object of the service of process is two-fold: it is not only to bring the defendant under the jurisdiction of the court, but to give him notice of the pendency of the suit against him. *McSwain* v. *Adams Grain and Provision Co.*, 93 SC 103, 114, 76 SE 117. If it is true that the defendants here consented to jurisdiction, their consent was one which contemplated *process*. That must mean due process. Whether one expressly consents to jurisdiction or whether that consent may be said to exist on the basis of a fiction as in the non-resident motorist cases, still notice to the defendant is essential and where there is no such adequate provision for notice to the defendant as to make it reasonably probable that such notice will be communicated to the defendant, service is invalid as lacking due process of law. *Wuchter* v. *Pizzutti*, 276 US 13, 48 S Ct 259, 72 L Ed 446, 57 ALR 1230. With no duty here resting on the Secretary of State, all was left to chance. This the plaintiff presumably knew when it accepted the note in question. The defendants being non-residents can not be said to have had the same knowledge.

For the reasons stated I can not bring myself to attempt to polevault to the result reached by the majority, especially where, as here, the pole is lacking. The decision of the majority, it seems to me, opens the door to endless mischief and abuse. If we put the stamp of approval on what we have here, then if a maker of a note purported to appoint a tree warden of a given town as his process agent, service on him would have to be sustained as valid under the opinion of the majority even though the likelihood of notice reaching the defendant would be about as great as if service had been made on one of the warden's trees instead of himself. To go into the business of

entering up default judgments *in personam*, on such service is unthinkable.

In overruling the defendants' motion to dismiss, the county court rested its ruling on the narrow ground that the notice was signed by counsel for the defendants and not by the defendants personally. In doing so, the trial court purported to be following *Leblanc* v. *Deslandes*, 117 Vt 248, 251, 90 A2d 802. This case involved a plea to the jurisdiction. The court below assumed that this holding was equally applicable to a motion to dismiss. This was incorrect. A study of *Leblanc* v. *Deslandes, supra*, and *Kenney and Downer* v. *Howard*, 67 Vt 375, 379, 31 A 850, will serve to bring out the distinction. The ground upon which the trial court rested its ruling was unsound. The holding of the majority above tacitly recognizes this to be true. This would leave no ground upon which to support the action of the trial court provided the reasoning herein were followed. Since the majority of the court hold as they do an affirmance results. In my opinion, however, the defendants' exception to the denial of their motion to dismiss should have been sustained and the plaintiff's writ and process dismissed with costs.

Mr. Justice Adams has authorized me to state that he joins with me in this dissent.