Sherwood
v.
Pearl.

ADIEL SHERWOOD *against* STEPHEN PEARL.

In case against the sheriff for taking insufficient bail on mesne process, a *non est* returned by the sheriff's deputy on the execution which issued upon the *fi. fa.* against the bail, may be so far impeached as that the sheriff may shew in his defence under the general issue, that the bail was of sufficient property to respond the judgment against the principal at the day of the date of such execution.

SPECIAL action on the case for taking insufficient bail.

Plaintiff declares, that defendant was sheriff of *Chittenden* County, during the years 1793, 1794, 1795 and 1796. That he purchased out a writ of attachment returnable to *Chittenden* County Court, dated 23d *July*, 1793, against *John Ledgerd*, which he delivered to *Enos Wood*, then deputy to the defendant, to serve and return according to law, who on the 30th of the same *July*, arrested the body of *Ledgerd*, and accepted one *Robert Works* as his bail. That at the *February* term of the County Court, 1795, he recovered judgment against *Ledgerd* for 107 dols. 33 cts. and costs, and took out his writ of execution and delivered the same to *Enos Wood*, then also deputy to the defendant, who returned it *non est*. That on the 10th of *August*, 1795, he purchased out his writ of *scire facias* against the bail, *Robert Works*, signed by *John Law*, Esquire, one of the Justices of the Peace within and for the County of *Chittenden*, and returnable to *Chittenden* County Court, *September* term, 1795. That he recovered judgment against *Robert Works*, *February* term, 1796, for 144 dols. 57 cts. damages, and 26 dols. 75 cts. costs. That he took out his writ of execution 10th of *August*, 1796, and delivered it to —— ——, another deputy to the defendant, who within 60 days returned it *non est*. That the judgment is in no part satisfied. And so he says, &c.

Plea, general issue, and put to the Jury.

There are two points made in the defence:

First. That the writ of *scire facias* was signed by a Justice of the Peace, when it ought to have been signed by one of the Judges, or the Clerk of the County Court.

Secondly. That *Robert Works* was sufficient as bail at the time he indorsed the original writ, and continued so to be for several years afterwards.

The first point was by agreement of the parties reserved for the opinion of the Court.

The cause proceeded to the Jury upon the second.

To the evidence adduced in support of this the counsel for the plaintiff objected.

*Daniel Chipman.* The act concerning sureties and *scire facias*, passed *March* 3d, 1787, must govern in this case; by the 4th section of which it is enacted, " that when any officer or other person serving an attachment or authority, issuing a replevin, shall take insufficient bail or sureties in the action, he shall be liable to answer all damages to the creditor or creditors, his or their executors, administrators or assigns, who may recover the same against the person taking such insufficient bail or sureties, his heirs, executors or administrators, in a special action on the case to be brought for that purpose."

*Haswell's* edit. of the Statutes, p. 171.

We consider that the words of the statute are but the expressions of the common law; that no time being mentioned in the statute when the bail shall be sufficient, it must be intended, in order to carry the beneficial design of the statute into effect, that the

bail shall be sufficient at the time of the issuing the writ of execution upon the *scire facias.*

We contend further, that no shewing of the sufficiency of the bail can be made at *any time* after the issuing of the execution on the *sci. fa.*

*Amos Marsh,* for the defendant. The common law, as held in *England,* certainly will not apply here, owing to our different modes of practice. In *England* with great propriety the sheriff is holden at all events responsible for bail taken by him on mesne process whilst the responsibility lies on him, which is but for a brief period; for when the Court to which the writ is returnable is opened on the first day of the term, the defendant must appear and enter special bail, or be defaulted, and thus relieve the sheriff from his responsibility, or give him an immediate opportunity to secure himself; but by our practice no special bail in such case is entered in Court; and if the Court should consider the sheriff responsible for the sufficiency of the bail until the issuing of the execution on the *sci. fa.* the sheriff would in all cases be at the mercy of the party. He might take sufficient bail for an insolvent debtor upon a suit instituted for the recovery of a large demand, the bail might continue sufficient for years, but not until the termination of the suit, which, by connivance between the parties, may be protracted with the design of lurching the sheriff.

The silence of the statute respecting the time when the bail shall be found sufficient, plainly shews that the Legislature meant to leave it subject to the sound discretion of the Court.

Sherwood
v.
Pearl.

If it is in the discretion of the Court, surely there never was a case which called more forcibly for their interposition than the present.

Our client has long and faithfully served the State in the arduous office of sheriff. His deputy nearly ten years since accepted a man as bail, who was then acknowledged to be a man of handsome property, sufficient to respond many such judgments as the present plaintiff has recovered. He continued amply responsible for years, but has at length removed from the *United States.* During this time the suit has been unreasonably protracted; and now, when our client had retired from office, a suit is instituted against him for the supposed default of his deputy, whose bonds to our client as sheriff have probably ere this been cancelled. What could our client have done as a faithful officer for the benefit of the plaintiff that he has not done? He accepted by his deputy, *Enos Wood,* bail amply sufficient. Could he have enforced and accelerated a judgment on the original suit? or was it expected that he should assume the regal prerogative, and have issued his writ of *ne exeat regnum* against the bail.

*Per Curiam.* The *non est* returned upon the writ of execution issued upon the judgment rendered in the action of *scire facias,* may be so far impeached, that the defendant may shew in evidence, that *Robert Works,* the bail, was of sufficient property to respond the judgment on the 10th of *August,* 1796, when the writ of execution on the *sci. fa.* is dated and was issued.

Sherwood
v.
Pearl.

The defendant failing to shew this, a verdict was taken for the plaintiff by consent, subject to the opinion of the Court on the point reserved.

Verdict for plaintiff, 210 dols. 25 cts.

*Samuel Miller* and *Daniel Chipman*, for the plaintiff.

*Amos Marsh* and *W. C. Harrington*, for defendant.