# Clark H. Mason v. James O. Chase

[111 A2d 246]

Special Term at Rutland, November, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed January 4, 1955.

*Loveland & Hackel* for the plaintiff.

*Lawrence & O'Brien* for the defendant.

**Sherburne, C. J.** This is an action to recover damages for taking insufficient bail upon a capias writ, which had been handed to the defendant as a constable for service. The cause comes here upon the plaintiff's exceptions to the direction of a verdict for the defendant, upon his motion, and to the entry of a judgment for the defendant.

The undisputed evidence viewed most favorably to the plaintiff reasonably tended to show the following facts: On March 31, 1949, the defendant, as constable, had a writ for service in an action of tort brought by Clark H. Mason, the plaintiff herein, against Clarence J. Carr, and returnable to Rutland county court. This writ commanded any sheriff or constable in the state to attach the goods, chattels or estate of the said Clarence J. Carr in the amount of $4,000.00, and for want thereof to take his body and him safely keep so that he should be had to appear before such court. On such date, not having found sufficient attachable property of his, the defendant arrested the said Clarence Carr, and accepted as bail on the writ Donald J. Carr, brother of said Clarence J. Carr. Such writ was duly returned to and entered in said court, and on November 16, 1949, the plaintiff recovered a judgment for damages and costs of $2,444.51, upon which a certified execution was granted. On the same day the plaintiff took out a certified execution and delivered it to the defendant, who made a return of *non est inventus* thereon on January 12, 1950. Thereafter, on February 28, 1950, before any action had been taken against the bail, James S. Holden, a judge of said court, ordered that all further proceedings on said judgment and upon any execution thereon be stayed until the determination of a petition for a new trial brought by Clarence J. Carr. This stay was vacated on August 11, 1950. Donald J. Carr, the bail, is a U. S. immigration inspector. At the time he became bail he resided on the government reservation of the border office at Highgate Springs. He was transferred to Montreal

by official order in March or April, 1950, and his family moved there in the latter month. He resided there for about two years, and returned to Vermont in March, 1952. On the day when he endorsed his name on the writ as bail, and was so accepted by the defendant, Donald J. Carr owned a 1948 automobile of the value of about $1,800.00, statements from the U. S. Accounting Office that there was due him about $4,000.00, a claim against the U. S. government for $800.00, three National Service Insurance policies with cash surrender value of about $1,220.00, and War Savings bonds to the amount of $50.00 given to him by his aunt and standing in their two names. In addition to the above he and his wife owned War Savings bonds to the amount of $700.00, which were purchased by her and standing in their two names, furniture to the value of $4,000.00, to the purchase of which they both contributed, and a checking account of from $300.00 to $500.00, and a savings account of about $3,000.00, both in the Swanton Savings Bank and both standing in their two names. When they moved to Montreal the only assets he left in Vermont were the two accounts in the Swanton bank. No part of the judgment has been collected. No writ of scire facias has been brought against Donald J. Carr as provided in V. S. 47, §2216, the plaintiff claiming that legal service could not be made upon him while in Montreal.

In briefing his side of the case the defendant raises a question as to whether the plaintiff has brought a common law action for negligence, or whether he is entitled to the benefit of the provisions of V. S. 47, §2201, that "The officer taking surety on a writ of attachment as provided in section 2199 shall be answerable to the plaintiff for damages occasioned by the insufficiency of the surety, unless it appears on trial that at the time of taking the surety the same was amply sufficient, and an action shall not be maintained against a person so taking bail when it is sufficient."

Among other things the declaration alleges: "That by virtue of the statutes in such case made and provided * * * said defendant had the duty of committing said Clarence J. Carr to jail, unless he exposed sufficient property to secure the officer, or unless some person became good and sufficient

surety. That notwithstanding his said duties as aforesaid, said defendant arrested the body of said Clarence J. Carr and wilfully, negligently and wrongfully took and accepted insufficient, worthless and improper surety and bail, to wit, one Donald J. Carr, thereby wantonly and maliciously injuring said plaintiff and depriving him of his statutory rights as aforesaid. * * *That said Donald J. Carr was at all times herein mentioned an insufficient surety and bail, without such assets or means as would make him eligible or satisfactory as a surety bail as aforesaid, all of which said defendant knew or ought to have known at the time of the service of said original writ. That by reason of the wilful, malicious, negligent, unlawful and grossly careless acts of said defendant, as aforesaid, plaintiff has been unable to collect or satisfy his aforesaid judgment in whole or in part * * *."

V. S. 47, §2199, in force at the time of taking the said Donald J. Carr, as bail, provided: "When a defendant is arrested on mesne process in a civil action, the officer shall * * * commit him to jail, unless he exposes sufficient property to secure the officer, or some person becomes surety to the satisfaction of the officer, by indorsing his name on the writ as bail." When the defendant officer chose to accept Donald J. Carr as bail he owed the plaintiff the duty of taking bail that was amply sufficient under the provisions of this section and section 2201.

■ ■ It is claimed that the use of such words as "wilfully", "negligently", "wantonly", "maliciously" and the like make the action a common law action. We fail to see how an officer could be liable under §2201 unless he was negligent or acted wilfully and intentionally. The officer, when the bail proves insufficient, and he is sued therefore, can only defend himself by proving that the surety, when taken, was amply sufficient. An apparent sufficiency will not excuse him. *Harrington* v. *Bogue*, 15 Vt 179, 182, an action for the neglect of defendant's deputy; *Hazard* v. *Slade*, 1 D. Chip. 199. If an officer wilfully and intentionally fails to take ample bail he can be made to pay exemplary damages if the bail proves to be insufficient. This is so

because such conduct would be calculated to cause a creditor extra trouble and expense in endeavoring to collect his judgment. This is recognized in *Crooker* v. *Hutchinson*, 1 Vt 73, 89, where it speaks of where the officer can be supposed to have acted in good faith.

■ ■ There is nothing in the declaration to indicate that this suit is predicated upon §2201. But it sets up all the facts required to make a case thereunder, and as a matter of pleading no direct reference to the statute was required. *Walker's Guardian* v. *Hendee*, 100 Vt 362, 365, 137 A 334; *Sharby* v. *Town of Fletcher*, 98 Vt 273, 277, 127 A 300; *Morrisey* v. *Hughes*, 65 Vt 553, 558, 27 A 205; *Westcott* v. *Central Vt. R R Co.*, 61 Vt 438, 441, 17 A 745. When the plaintiff at the start of the trial waived exemplary damages the words "wilfully", "wantonly", "maliciously" and the like became surplusage, and such conduct did not need to be proved. Pleading more facts than are necessary does not obligate a party to prove them. *Healey* v. *Cady*, 104 Vt 463, 467, 161 A 151; *Humphrey* v. *Twin State Gas & El. Co.*, 100 Vt 414, 424, 139 A 440, 56 ALR 1011; *Woodhouse* v. *Woodhouse*, 99 Vt 91, 110, 130 A 758.

■ The defendant cites a number of cases to the effect that in the absence of wilful negligence an officer is liable for actual damages only, and that the defendant in such cases may show the insolvency of the debtor or other material facts that reduce the damages recoverable to nominal damages or the actual damages suffered. See *Roberge* v. *Town of Troy*, 105 Vt 134, 141, 163 A 770. None of the cases cited are analagous to this one. By the provisions of V. S. 47, §§1535-1536 and 1532, sheriffs and constables shall receive all writs and precepts issuing from lawful authority at any time and place, unless they can show reasonable cause to the contrary, and shall execute and return the same agreeably to the direction thereof, and may be fined for wilfully refusing to do so. Under such circumstances any other rule about liability for damages would be unduly harsh. But under §2199 an officer does not have to accept bail unless satisfactory to him, barring a possible abuse of discretion, and if he does accept bail it is

not unreasonable that he should be answerable in damages for any insufifciency under the provisions of §2201.

■ Section 2201 originated in section 4 of an act concerning sureties and scire facias, passed on March 3, 1787, R. 1787, p. 147, which provided "that when any officer or other person serving an attachment * * * shall take insufficient bail or sureties in the action, he shall be liable to answer all damages to the creditor or creditors, his or their executors, administrators or assigns, who may recover the same against the person taking such insufficient bail or sureties, his heirs, executors or administrators, in a special action on the case to be brought for that purpose." Under this statute the bail had to be sufficient at the time of issuing execution upon scire facias against the bail, no matter how protracted the judgment against the debtor in the principal suit. *Sherwood* v. *Pearl*, 1 Tyler 314. To remedy this harsh rule it was enacted on November 7, 1806, that the officer so taking bail "shall not be liable for the insufficiency of the surety or sureties, if he shall, on trial, make it appear that, at the time of receiving said surety or sureties, the same were amply sufficient." Under this statute a mere ostensible sufficiency will not excuse. It must be real and ample, a substantial responsibility in point of property, and such as would probably continue so, to answer the demand. *Hazard* v. *Slade, supra.* There is no need to determine whether any English common law or statutory rules about the liability of a sheriff for taking insufficient bail on mesne civil process ever became a part of our common law under R 1787, p 30, now V. S. 47, §1263. If they did, they were superseded by V. S. 47, §2201 and its foregoing antecedents, which in terms apply to all actions against an officer for taking insufflcient surety on such process.

■ The most serious question raised by the defendant's motion for a directed verdict is whether the plaintiff was required, under the circumstances, to bring scire facias against the bail before commencing this action. V. S. 47, §2215 provides that a person, who endorses his name as bail on mesne process, shall be held to satisfy the judgment finally rendered, if the plaintiff causes the execution to be put into the hands

of an authorized officer within 30 days from the date on which he is first entitled by law to such execution, and causes a legal return of *non est inventus* to be made thereon within 60 days from such date. This has been complied with. Section 2216 provides that, when such return is made on the execution, the plaintiff may within one year from the rendering of the judgment, and not after, bring his writ of scire facias against the surety, and that unless the security surrenders the body of the principal into court, or shows his death * * * before judgment on the scire facias, and pays the cost upon the same, unless cause is shown to the contrary, the court shall render judgment against him for the amount of the judgment in the original action with interest thereon and the costs on the scire facias. Under this statute the amount of the judgment against the principal is not to be reduced to a nominal sum upon a showing that the principal had no attachable property. *Walker* v. *Waterman,* 50 Vt 107.

The only opportunity that the plaintiff had to get personal service of a writ of scire facias upon the bail within a year from the rendering of the judgment was between January 12, 1950, the date of the return of *non est inventus,* and February 28, 1950, when all further proceedings on the judgment were stayed, since long before the stay was vacated the bail had moved himself and family out of the state, there to reside until March, 1952. No claim is made by the defendant that the time that he resided out of the state should be excluded in determining when such year would expire. Plaintiff's claims below and in his brief that the funds in the joint deposits could not be reached by process against the bail is not questioned by the defendant, and, since we have no decision in point and the outside authorities are conflicting, we assume for the purposes of this stage of the case only that such funds cannot be treated as assets of the bail. The sole contentions of the defendant about the failure of the plaintiff to bring scire facias against bail as set forth in his motion for a directed verdict, and in his brief, are that scire facias against the bail within a year from the rendering of the judgment is a condition precedent to any right of action against the defendant, that scire facias is a judicial writ, that personal service could have

been made upon the bail before the stay of February 28, 1950, and that after the removal of the stay on August 11, 1950, service could have been made upon the bail within the year from the rendering of the judgment, since he then resided outside the state and had no known agent or attorney, by leaving a true and attested copy of the writ with the clerk of the court to which it would have been returnable, under the provisions of V. S. 47, §1556.

About a week before Christmas in 1949, Donald J. Carr, the bail, accompanied by Clarence J. Carr's attorney, called upon plaintiff's attorney, and in behalf of Clarence made an offer to settle plaintiff's judgment against Clarence, which was refused, and was told that if he didn't produce Clarence within ten days he would proceed against the bail. This was before the return of *non est inventus*. There is no hint that the plaintiff knew beforehand that further proceedings to enforce his judgment were to be stayed on February 28th following, or that the bail was to remove to Montreal in the following March or April. He had a year to bring scire facias against the bail, and cannot be charged with negligence in this respect.

In answer to the claims that scire facias against the bail is a condition precedent to a right of action against the defendant officer and that service could have been made by leaving a copy with the clerk, the plaintiff stated below: "It is our position that the bail being outside the State of Vermont, that the plaintiff was under no obligation to go outside the State of Vermont to pursue him, or if an action could have been commenced by service upon the clerk of court, we were under no obligation to do that."

■ ■ It has been the usual practice in our courts to bring scire facias against the bail before suing the officer for damages under V. S. 47, §2201. Our only case holding that scire facias is a prerequisite is *Crooker* v. *Hutchinson, supra,* 1 Vt 73, 79. This was an action against attorneys for negligence for not bringing scire facias against bail in a cause where they had obtained a judgment for the plaintiff, and the defending attorneys argued that the sheriff was liable without scire

facias against the bail. The opinion states: "This admits of two answers: first, that the position as applicable to this case, cannot be supported. As such a principle tends to accelerate the liability of the officer, and takes away the privilege of surrendering the debtor, it can justly be applied to no case, where the officer can be said to have acted in good faith. But secondly, if the sheriff was thus liable, it is not discovered how the defendants were excused from that liabillty." In the usual case scire facias and execution thereon serve for ascertaining if the bail has attachable property from which the creditor's judgment against the principal with interest and the costs of the scire facias may be satisfied in whole or, if in part, to what extent. However, when the bail has moved out of the state and left no attachable property here, there is no reason for requiring a creditor first to prosecute a fruitless suit against the bail, thus increasing the final expense to the officer, *Rayner* v. *Bell*, 15 Mass 377. In so far as *Crooker* v. *Hutchinson* conflicts with this holding it is overruled.

For a further reason why he need not bring scire facias against the bail by leaving a copy with the clerk of the court, the plaintiff claims that no valid judgment in personam could, consistently with due process, be rendered against a nonresident without his appearance or without personal service upon him within the state, and cites *Noyes* v. *Noyes*, 110 Vt 511, 517, 9 A2d 123 and *Pennoyer* v. *Neff*, 5 Otto 714, 95 US 714, 24 L Ed 565, which so hold. To this the defendant replies that this point was not made below, and calls attention to our rule that a trial court cannot be put in error on a point not made below. Consequently we do not discuss the point further than to note, that under V.S. 47, §2216 the judgment on scire facias against bail is for the amount of the judgment in the original action with interest thereon and the costs of the scire facias, and to call attention to *Betts* v. *Johnson*, 68 Vt 549, 35 A 489; *Slayton* v. *Smilie*, 66 Vt 197, 28 A 871; and *Howard* v. *Randall & Durant*, 58 Vt 564, 5 A 403 holding that such scire facias is an independent action, and not ancillary to, or a continuance of, the original suit.

We now come to the question of whether the evidence as to the assets of Donald J. Carr at the time he became bail

was such as to show as a matter of law that they were amply sufficient, such as would probably continue to be sufficient to answer to a demand of $4,000.00, the amount of the attachment called for in the writ, since the defendant had the burden of so proving. The only tangible assets of the bail were his automobile, the possibility that his interest in the furniture over and above his exemption would sell for something, and the possibility that some part of the bank deposits could be reached; and the possible depreciation in the value of the automobile and the furniture, and the fluid condition of a bank account would have to be taken into consideration. There is no showing that the War Savings Bonds, the amounts due from the Government or the cash surrender values of his war service insurance policies could be reached by process. It is probably true that on this showing the bail was amply sufficient in the sense that he could have raised enough money to amply cover a demand of $4,000.00. That is not the test. It is not shown that his attachable property was ample enough so that it would probably continue to be sufficient to enable a demand of $4,000.00 to be satisfied on a sale upon an execution.

The result is that plaintiff's exceptions must be sustained.

*Judgment reversed, and cause remanded.*