## Clark H. Mason v. James O. Chase

(126 A2d 89)

May Term, 1956.

Present:   Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.

Opinion Filed October 2, 1956.

*Loveland & Hackel* for the plaintiff.

*Lawrence & O'Brien* for the defendant.

**Cleary, J.** This is an action of tort seeking damages because of the insufficiency of the surety accepted on mesne process by the defendant officer. The cause was first tried by jury at the March, 1954 term of the Rutland county court, and resulted in a directed verdict and judgment for the defendant. This judgment was reversed by this Court, as reported in 118 Vt. 371, 111 A2d 246. Following remand, the cause was again tried by jury at the March, 1955 term of the Rutland county court. At the close of the plaintiff's evidence, defendant moved for a directed verdict, which was granted and judgment was entered for the defendant. The case is here on the plaintiff's exceptions.

Viewed in the light most favorable to the plaintiff the evidence reasonably tended to show the following facts. On March 31, 1949, the defendant constable had a writ for service in an action of tort brought by Clark H. Mason, the plaintiff herein, against Clarence J. Carr, returnable to the Rutland county court. This writ commanded any sheriff or constable in the state to attach the goods, chattels or estate of Clarence J. Carr to the value of $4000.00, and for want thereof to take his body and him safely keep so that he should be had to appear before such court. The defendant received no instructions from the plaintiff, or anyone acting for him, that altered the defendant's statutory duties and responsibilities with regard to the service of the writ. On March 31, 1949, not having found sufficient attachable peoperty, the defendant arrested the said Clarence J. Carr and accepted as bail on the writ, Donald J. Carr, then of Highgate Springs, Vermont, brother of said Clarence J. Carr. The writ was duly returned to and entered in the Rutland county court, and on November 16, 1949, the plaintiff recovered a judgment for damages and costs of $2444.51, upon which a certified execution was granted. On the same day the plaintiff took out a certified execution and delivered it to the defendant, who made a return of non est inventus thereon on January 12, 1950. Thereafter, on February 28, 1950, before any action had been taken against the bail, James S. Holden, a judge of said court, ordered that all further proceedings on said judgment and upon any execution issued thereon be stayed until the determina-

tion of a petition for a new trial brought by Clarence J. Carr. This stay was vacated on August 11, 1950. During this stay, and in March 1950, the bail, who was a United States immigration inspector, was transferred to Montreal, Canada, where he resided until April 1952, beyond the term to which scire facias was limited, and his only assets remaining in Vermont were a bank checking account and a bank savings account. He was called as a witness by the plaintiff and testified that he was uncertain whether these accounts were in the name of "Donald J. Carr and Laura M. Carr", (his wife), or in the name of "Donald J. Carr or Laura M. Carr". No part of the judgment has been collected.

■ The first exception briefed by the plaintiff is to the trial court's directing a verdict for the defendant. V. S. 47, §2201 provides that an officer taking surety shall be "answerable to the plaintiff for damages occasioned by the insufficiency of such surety, unless it appears on trial that at the time of taking the surety the same was amply sufficient, and an action shall not be maintained against a person so taking bail when it is sufficient." The officer, when the bail proves insufficient, and he is sued therefor, can only defend himself by proving that the surety, when taken, was amply sufficient, and the burden of so proving is on the defendant. A mere ostensible sufficiency will not excuse. It must be real and ample, a substantial responsibility in point of property, and such as would probably continue so, to answer the demand. *Mason* v. *Chase*, 118 Vt 369, 372, 374, 378, 111 A2d 246.

■ If the lower court's action in granting the defendant's motion for a directed verdict can be sustained on any ground shown by the record, the judgment will be affirmed by this Court, even though the point does not appear to have been raised below and may not be briefed. *Newport Savings Bank* v. *Manley*, 114 Vt 347, 348, 45 A2d 199; *Kendall* v. *Borofsky*, 118 Vt 352, 359, 111 A2d 251.

Though not made a ground of his motion for a directed verdict the defendant now claims that the ruling was proper because no valid execution was issued in the case of *Mason* v. *Carr* in time to make the defendant here liable. V. S. 47, §2285

provides that an execution shall not issue on a judgment in county court until thirty days after the rendition of final judgment unless by special permission. Here the execution was issued on November 16, 1949, the same day that final judgment was entered against Clarence J. Carr in the plaintiff's suit against him.

The plaintiff claims: (a) that even if the execution issued irregularly, this would in no way alter the fact of the bail's insufficiency and the officer's resulting liability; that the regular issuance of an execution is no precondition to the liability of an officer for the insufficiency of bail in a situation where scire facias against the bail is not required; (b) that the first execution issued on the date of judgment is no proof of irregularity, since V. S. 47, §2285 provides for permission for such issuance and nothing on the face of the execution negatives such permission; (c) that there is a presumption of regularity in all judicial proceedings, and in the acts of court officials, so that the burden is on the defendant to come forward with evidence to dispute regularity.

■ It was incumbent upon the plaintiff in the trial below to prove that execution was legally issued against Clarence J. Carr and was returned unsatisfied. This was a necessary part of the plaintiff's case and a precondition to the liability of the surety and of the officer.

■ Here the execution which was received in evidence, showed on its face that it issued illegally because it issued on the same day as the judgment was rendered, against the positive prohibition of the statute, and did not show it was issued by special permission. In such a case there can be no presumption. There is a difference between indulging a presumption in favor of a public official having done a duty which the law casts upon him, and indulging a presumption that a fact exists which the statute requires to exist in order to give the official power to act, and without which he is prohibited from acting. *Langford* v.*Few*, 146 Mo 142, 47 SW 927, 69 Am St Rep 606, 693. See also *Witt* v. *Marsh*, 14 Vt 303. Proof that execution issued by special permission was a cornerstone upon which the plaintiff's right to

recover rests,as the court said in the Langford case. It goes to the root of the case and without it the plaintiff could not recover.

The plaintiff requests that, in order that justice be done, the cause be remanded for the purpose of introducing all of the court records in the case of *Mason* v. *Clarence J. Carr* which, he says, show the court's permission that execution issue forthwith. The case has been tried twice in the county court and this is the second appeal here. The execution was received in evidence against the defendant's objection and exception that it was unlawfully issued. Considerable discussion was had and the plaintiff then had notice of the importance of his proof. The files and court records were easily and readily available to him at that time and he could have introduced them if he saw fit. His request for a remand is refused.

■ During the trial below the plaintiff moved for a continuance to enable him to produce evidence regarding the surety's bank accounts but here he conceded the evidence was immaterial so we need not consider the motion for continuance. He also filed a motion in the court below to set the verdict aside and for a new trial but has failed to brief his exception to the denial of the motion so that exception is waived. *Loeb* v. *Loeb*, 118 Vt 472, 474, 114 A2d 518.

*Judgment affirmed.*

Note. When this case was argued at the February Term, 1956, it was assigned to Mr. Justice Chase. At the May Term, 1956 it was reassigned to Mr. Justice Cleary.